**UNITED STATES of America, Appellee,**

v.

**Angel COLLADO–GOMEZ and Gustavo Quintero–Gonzalez, Defendants,**

**Gustavo Quintero–Gonzalez, Defendant–Appellant.**

**No. 429, Docket 87–1329.**

United States Court of Appeals, Second Circuit.

Argued Nov. 25, 1987.

Decided Dec. 1, 1987.

Henriette D. Hoffman, Legal Aid Soc., Federal Defender Services Unit, New York City, for defendant-appellant.

Julie Copeland, Asst. U.S. Atty., for the Eastern District of New York, Brooklyn, N.Y. (Andrew J. Maloney, U.S. Atty., for the Eastern District of New York, Brooklyn, N.Y., Emily Berger, Asst. U.S. Atty., of counsel), for appellee.

Before TIMBERS, WINTER and MAHONEY, Circuit Judges.

PER CURIAM:

In 1986, Congress amended 21 U.S.C. § 841(b)(1) (Supp. II 1984) to provide for enhanced penalties for the possession with intent to distribute of specified amounts of certain controlled substances, including a particularly addictive form of cocaine base known as "crack." *See* Anti–Drug Abuse Act of 1986, P.L. 99–570, 100 Stat. 3207–4 (codified as amended at 21 U.S.C. § 841(b)(1)). The 1986 amendments did not alter the elements of the substantive offense, which require the government to prove that a defendant knowingly and intentionally possessed a controlled substance. *See* 21 U.S.C. § 841(a) (1982). However, the government does not have to prove that the defendant knew the specific nature and amount of the controlled substance for the enhancement provisions to

apply. Defendant claims that the possibility of an enhanced penalty flowing from facts of which he may have been unaware violates due process. We disagree.

In *United States v. Falu*, 776 F.2d 46 (2d Cir.1985), we rejected precisely the same argument with regard to the "schoolyard statute," 21 U.S.C. § 845a (Supp. II 1984), which provides for enhanced penalties for selling drugs within 1000 feet of a public or private elementary or secondary school whether or not the seller knew that he was within the proscribed distance. We rested our holding in *Falu* on two primary considerations that are also present in the instant matter. First, Congress's purpose was to deter a particularly insidious form of criminal activity. 776 F.2d at 50. Second, the statute's enhanced penalty provisions did not in any way criminalize otherwise innocent activity or create a trap for the unwary, because the *mens rea* requirement of proving knowing and intentional possession of a controlled substance remained intact. *Id.* We also noted that similar risks of enhanced penalties despite ignorance of an aggravating factor are present in numerous criminal statutes. *Id.* (citing cases). *See also United States v. Holland*, 810 F.2d 1215 (D.C.Cir.1987) (upholding constitutionality of 21 U.S.C. § 845a).

Congress's purpose of singling out particularly insidious drug transactions for enhanced punishment is as clear in the 1986 amendments as it was in the schoolyard statute. *See* 132 Cong.Rec. S14270 (daily ed. Sept. 30, 1986) (statement of Sen. DeConcini); 132 Cong.Rec. S14301 (daily ed. Sept. 30, 1986) (statement of Sen. Byrd). Equally clear is the adequacy of the *mens rea* requirement in 21 U.S.C. § 841(a) to prevent the conviction of innocent persons in contrast to those who are simply indifferent about the illegal narcotic drugs they sell.[1] Just as those who possess drugs for sale must bear the risk of determining how close to a school they are, *Falu*, 776 F.2d at 50, such dealers must bear the risk of knowing what drugs they are dealing under the 1986 amendments. In light of Congress's clear, unequivocal, and rational purpose, *see United States v. Ofarril*, 779 F.2d 791, 792 (2d Cir.1985), this allocation of risk does not offend due process. *See United States v. Agilar*, 779 F.2d 123, 125–26 (2d Cir.1985). Accordingly, the judgment of the district court is affirmed.

The other point raised by defendant on appeal is disposed of by summary order entered this date.

Affirmed.

---

1. The defendant's apparent reliance on the argument that he might have thought that all he possessed was *heroin* points up the remoteness of the danger that the enhanced penalty provisions will be applied to anyone other than those who have full warning of the criminal nature of their conduct. *See Falu*, 776 F.2d at 50.