UNITED STATES of America, Appellee,

v.

William PINEDA, Defendant–Appellant.

No. 971, Docket 87–1452.

United States Court of Appeals,
Second Circuit.

Submitted May 13, 1988.

Decided May 26, 1988.

Michael M. Maloney, New York City, for defendant-appellant.

John Gleeson, Asst. U.S. Atty., Brooklyn, N.Y. (Andrew J. Maloney, U.S. Atty., Thomas P. Milton, Asst. U.S. Atty., Brooklyn, N.Y., of counsel), for appellee.

Before VAN GRAAFEILAND, PIERCE and ALTIMARI, Circuit Judges.

PER CURIAM:

This is an appeal from a judgment of the United States District Court for the Eastern District of New York, Leonard D. Wexler, *Judge,* following a guilty plea, convicting appellant Pineda on charges of distributing in excess of five kilograms of cocaine in violation of 21 U.S.C. § 841(a)(1). Appellant was sentenced to a ten-year term of imprisonment and a five-year term of supervised release, which is the minimum sentence under § 841(b)(1)(A), and a $50 special assessment. On appeal, Pineda challenges the validity of his sentence on the grounds, *inter alia,* that the mandatory minimum sentence provisions of 21 U.S.C. § 841(b)(1) deprive him of his rights to due process and equal protection. In par-

ticular, appellant contends that the statute's classification of penalties based on quantity of narcotics has no rational basis since it does not account for the purity of the narcotics or whether the defendant had a "peripheral role" in distributing the narcotics, and does not require that a defendant know the amount of narcotics involved.

In *United States v. Collado-Gomez,* 834 F.2d 280 (2d Cir.1987) (per curiam), *cert. denied,* —— U.S. ——, 108 S.Ct. 1244, 99 L.Ed.2d 442 (1988), we rejected a similar challenge to the validity of the enhanced penalty provisions of 21 U.S.C. § 841(b)(1). The appellant therein claimed that, by failing to require knowledge of the specific nature and amount of the controlled substance, the statute violated due process. In rejecting this claim, we noted first that Congress's purpose in enacting enhanced penalties was to deter particularly insidious drug transactions, including those involving "a particularly addictive form of cocaine base known as 'crack.'" *Id.* at 280–81. Second, the statute's enhanced penalty provisions did not in any way criminalize otherwise innocent activity or create a trap for the unwary, because the statute requires proof that a defendant knowingly and intentionally possessed a controlled substance. In light of Congress's clear and rational purpose, we concluded that it did not offend due process for narcotics defendants to bear the risk of enhanced penalties based on aggravating factors, such as the nature and amount of the controlled substance involved. *Id.* at 281.

In light of *Collado-Gomez,* we conclude that appellant's due process claim is frivolous. With regard to appellant's equal protection claim, the statute cannot be overturned in the absence of persuasive evidence that Congress had no rational basis for classifying penalties based on the amount of controlled substance involved. *See Clayborne v. Califano,* 603 F.2d 372, 379 (2d Cir.1979). The mandatory minimum sentence provisions are based on a "clear, unequivocal, and rational purpose," *Collado-Gomez,* 834 F.2d at 281, and hence, § 841(b)(1) does not violate appellant's right to equal protection. We note

66

that, contrary to appellant's contention, § 841(b)(1) by implication does permit differentiation between different defendants based on aggravating factors such as the defendant's role in distributing narcotics or the purity of the narcotics. It is clear that a district court, in its discretion, may impose a sentence above the mandatory minimum, and up to the statutory maximum, whenever such aggravating factors are present. *See generally United States v. Barker*, 771 F.2d 1362, 1365 (9th Cir. 1985)(district court's sentencing of narcotics defendant should "reflect an individualized assessment of a particular defendant's culpability").

We have considered the appellant's remaining claim and have found it to be without merit. Accordingly, the judgment of the district court is affirmed.