**UNITED STATES of America, Appellee,**

v.

**Charles Onyenmwonsa IMARIAGBE, Defendant–Appellant.**

**No. 1771, Docket 93–1141.**

United States Court of Appeals, Second Circuit.

Argued June 25, 1993.

Decided July 29, 1993.

707

Abraham L. Clott, New York City (Henriette D. Hoffman, The Legal Aid Soc., Federal Defender Services Unit, New York City, of counsel), for defendant-appellant.

Joseph Nocella, Asst. U.S. Atty., Brooklyn, NY (Zachary W. Carter, U.S. Atty. for the E.D. of N.Y., Susan Corkery, Asst. U.S. Atty., Brooklyn, NY, of counsel), for appellee.

Before: NEWMAN, Chief Judge, VAN GRAAFEILAND and PRATT, Circuit Judges.

PER CURIAM:

Charles Imariagbe appeals from a judgment of the United States District Court for the Eastern District of New York (Sifton, J.) seeking vacatur of the sentence which followed his plea of guilty to a charge of importing heroin. 21 U.S.C. §§ 952(a), 960(a)(1) and 960(b)(3). Imariagbe contends that the district court erred in basing his sentence on the total quantity of heroin he possessed rather than on the quantity he believed he possessed. We affirm.

On September 12, 1992, Imariagbe arrived at John F. Kennedy International Airport from Nigeria carrying a suitcase which contained heroin having a net weight of 850 grams. He subsequently pled guilty to one count of importing an indeterminate quantity of heroin. The recommended sentence in Imariagbe's presentence report was based on possession of 850 grams of heroin. Imariagbe objected, contending that his sentence should be based on possession of only 400 grams, the quantity that he believed he was carrying at the time of his arrest.

At sentencing, Imariagbe testified that he was told the suitcase contained only 400 grams. The district court found Imariagbe's testimony credible. However, it also found it was reasonably foreseeable that the suitcase could have held 850 grams, and based Imariagbe's sentence on that amount. From the applicable base offense level of 30, U.S.S.G. § 2D1.1(c)(7), the court deducted four levels for Imariagbe's minimal role in the offense, id. § 3B1.2(a), and an additional three levels for acceptance of responsibility, id. § 3E1.1, ending up with a final offense level of 23. The court sentenced Imariagbe to 46 months, the minimum term of imprisonment permitted by the Guidelines, imposed a three-year term of supervised release and assessed the mandatory $50 fee.

In arriving at the base offense level, the district court followed U.S.S.G. § 1B1.3(a) and Application Note 2 thereunder, which provide that a defendant is accountable for all quantities of a controlled substance with which he was directly involved. Appellant contends that where, as here, a defendant reasonably believed he was carrying less than the actual amount in his possession, the doctrine of *mens rea* and due process require that the base offense level be based upon that reasonable belief rather than actual quantities. We disagree.

In *United States v. Pineda*, 847 F.2d 64 (2d Cir.1988), the defendant challenged the ten year minimum sentence requirement of 21 U.S.C. § 841(b)(1)(A) on the ground that the statute did not require that a defendant know the amount of narcotics involved. *Id.* at 65. We held that the ten year minimum requirement "did not in any way criminalize otherwise innocent activity or create a trap for the unwary, because the statute requires proof that a defendant knowingly and intentionally possessed a controlled substance." *Id.; see also United States v. Jackson*, 968 F.2d 158, 163 (2d Cir.), *cert. denied*, — U.S. —, 113 S.Ct. 664, 121 L.Ed.2d 589 (1992); *United States v. Collado–Gomez*, 834 F.2d 280, 281 (2d Cir.1987), *cert. denied*, 485 U.S. 969, 108 S.Ct. 1244, 99 L.Ed.2d 442 (1988). Section 960(a)(1) also requires proof of know-

ing and intentional conduct, i.e., knowing or intentional importation of a controlled substance. If, in fact, appellant had a mistaken belief as to the amount of narcotics he was carrying in his suitcase, his sentence, nonetheless, was computed correctly.

Perhaps one might hypothesize an unusual situation in which the gap between belief and actuality was so great as to make the Guideline grossly unfair in application, meriting at least a downward departure and perhaps raising a constitutional issue. " 'It is difficult to think of a law that is utterly devoid of potential for unconstitutionality in some conceivable application.' " *New York v. Ferber,* 458 U.S. 747, 772 n. 27, 102 S.Ct. 3348, 3362 n. 61, 73 L.Ed.2d 1113 (1982) (quoting Note, The First Amendment Overbreadth Doctrine, 83 Harv.L.Rev. 844, 859 n. 61 (1970)). However, no such application is involved in the instant case.

The judgment appealed from is affirmed.