UNITED STATES of America, Appellant,

v.

Caroline Oyibo EKWUNOH,
Defendant–Appellee.

No. 69, Docket 93–1075.

United States Court of Appeals,
Second Circuit.

Argued Sept. 7, 1993.

Decided Dec. 17, 1993.

Ilene Jaroslaw, Asst. U.S. Atty., Brooklyn, NY (Mary Jo White, U.S. Atty., E.D.N.Y., Peter A. Norling, Asst. U.S. Atty., of counsel), for appellant.

David Wikstrom, New York City, for defendant-appellee.

Before NEWMAN, Chief Judge, MINER and McLAUGHLIN, Circuit Judges.

McLAUGHLIN, Circuit Judge:

Defendant Caroline Ekwunoh pled guilty to one count of possession with intent to distribute more than one kilogram of heroin in violation of 21 U.S.C. §§ 841(a)(1) (1988) and 841(b)(1)(A)(i) (1988 & Supp. IV 1992). Judge Weinstein sentenced her to 60 months' imprisonment, to be followed by five years supervised release. *United States v. Ekwunoh*, 813 F.Supp. 168 (E.D.N.Y.1993). He refused to impose the mandatory minimum sentence of 10 years applicable to offenses involving more than one kilogram of heroin because he found that Ekwunoh reasonably believed that she possessed only 400 grams, an amount that triggers only a five-year minimum sentence. The United States appeals the sentence.

The government contends that the district court erred in its construction of the mandatory minimum sentencing provisions. For the reasons set forth below, we vacate the

district court's judgment and remand for re-sentencing.

## BACKGROUND

In June 1991 Caroline Ekwunoh was arrested at John F. Kennedy Airport in New York after she met a courier from Nigeria and took from him an attaché case containing 1.013 kilograms of heroin concealed within the lining of the case. The courier, it turns out, was a confidential informer for the Drug Enforcement Administration.

Pursuant to a plea agreement, Ekwunoh pled guilty to the third count of an indictment, charging that she "did knowingly and intentionally possess with intent to distribute an amount in excess of one kilogram of a substance containing heroin," in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(i). Before accepting Ekwunoh's plea, the district court explained to her that an offense involving one kilogram or more of heroin carries a mandatory minimum sentence of 10 years.

At a sentencing hearing on another issue, defense counsel raised the argument that the mandatory 10–year penalty should not be imposed because Ekwunoh did not know how much heroin was concealed in the attaché case, and could not have foreseen that it would contain more than a kilogram. At the hearing, Ekwunoh testified that she became involved in the heroin smuggling when her boyfriend called her from Nigeria and told her to meet a man getting off the plane, give him $2,000, and drive him to New Jersey. She conceded, however, that she was familiar with her boyfriend's drug importation activities, and she assumed that the man arriving at the airport would be carrying some heroin. Ekwunoh explained, however, that she did not know how much heroin the courier would have, but believed the amount would be about 400 grams because on an earlier occasion her boyfriend had smuggled heroin into New York and she watched him weigh out the 400 grams. On cross-examination, Ekwunoh admitted that she had distributed between 50 and 250 grams of heroin twice a month within the metropolitan New York area for several years and that she frequently assisted in counting and handling drug money.

Crediting Ekwunoh's testimony, the district court found that "she didn't expect [1.013 kilograms] and her state of mind was that there was 400 grams." Government's Appendix at 27; Sentencing Transcript, Jan. 5, 1993, at 109. The court then imposed only a five-year sentence, the mandatory minimum term for heroin offenses involving more than 100 grams (but less than a kilogram) under 21 U.S.C. § 841(b)(1)(B)(i) (1988 & Supp. IV 1992).

In a subsequent Memorandum and Order explaining its decision, the district court recognized that the attaché case actually contained 1.013 kilograms of heroin. The court concluded, however, that "[b]ased upon her credible testimony concerning her past experience with her boyfriend's drug operations, [Ekwunoh] could not have foreseen that the transaction would involve such a large amount" as 1.013 kilograms of heroin, and that "[a] reasonable person in the position of this defendant ... would not necessarily have foreseen that the individual at the airport would be carrying over a kilogram of heroin." 813 F.Supp. at 179.

In its conclusions of law, the district court declared that the "uniform practice in the courts of the Second Circuit of applying an objective rather than a subjective test of quantity of drugs possessed .... is of doubtful constitutionality and was not intended by Congress." *Id.* at 171. In its view, this "practice" of imposing mandatory minimum sentences based on the amount of narcotics actually possessed by a defendant ignores fundamental *mens rea* principles. Therefore, reasoned the court, the government must be required to prove that a "defendant reasonably foresaw a certain quantity of drugs being involved in his or her conduct ... before that quantity can be used to compute a minimum statutory or Guidelines term of imprisonment." *Id.* at 178.

## DISCUSSION

The only issue on appeal is whether the district court improperly refused to impose the 10–year mandatory minimum sentence for possession of more than one kilogram of

heroin. We conclude that it did, and remand for resentencing.

We have held that when a defendant is convicted of a conspiracy to possess drugs he cannot be sentenced for the quantity of drugs possessed by a co-conspirator unless the defendant knew or could reasonably foresee that the co-conspirator would possess that quantity of drugs. *See United States v. Martinez*, 987 F.2d 920, 923–26 (2d Cir.1993). It is by no means clear the same lenity should be extended to a defendant who is convicted of actual possession of a large quantity of drugs. *Compare United States v. Jackson*, 968 F.2d 158, 163 (2d Cir.) ("enhanced penalty provisions [for substantive convictions] do not violate due process even if a defendant does not know the . . . amount of the controlled substance") (citing *United States v. Collado–Gomez*, 834 F.2d 280 (2d Cir.1987) (per curiam), *cert. denied*, 485 U.S. 969, 108 S.Ct. 1244, 99 L.Ed.2d 442 (1988)), *cert. denied*, —— U.S. ——, 113 S.Ct. 664, 121 L.Ed.2d 589 (1992), *with United States v. Imariagbe*, 999 F.2d 706, 707 (2d Cir.1993) (per curiam) (defendant convicted of substantive offense was properly sentenced for quantity he personally carried, even if he believed he had lesser quantity, where district court found it was reasonably foreseeable that he would be carrying actual quantity).

■ We need not decide this question today, however. We are prepared to assume, without deciding, that even in a possession case, the defendant may be sentenced only for the quantity of drugs he knew or should reasonably have foreseen that he possessed. We conclude, nonetheless, that on this record the district court's finding that defendant Ekwunoh did not reasonably foresee that she would possess more than a kilogram of heroin cannot withstand scrutiny.

■ On appeal from a sentence, the reviewing court must "accept the findings of fact of the district court unless they are clearly erroneous and . . . give due deference to the district court's application of the guidelines to the facts." 18 U.S.C. § 3742(e) (1988); *see United States v. Rivera*, 971 F.2d 876, 892 (2d Cir.1992). Included within the "clearly erroneous" rubric is the question of reasonable foreseeability. *See United States*

*v. Lam Kwong–Wah*, 966 F.2d 682, 688–89 (D.C.Cir.) (district court's "factual findings" that defendant "knew or reasonably could have foreseen" that a certain amount of heroin was involved in a deal reviewed under the "clearly erroneous" standard), *cert. denied*, —— U.S. ——, 113 S.Ct. 287, 121 L.Ed.2d 213 (1992); *see also United States v. Stevens*, 985 F.2d 1175, 1188–89 (2d Cir.1993) (reviewing for clear error district court's determination that "it was reasonably foreseeable" that co-conspirator "would bring a firearm to the transaction"); *United States v. Pofahl*, 990 F.2d 1456, 1479 (5th Cir.) ("The quantity of drugs reasonably foreseeable to [defendant] is a question of fact. . . ."), *cert. denied*, —— U.S. ——, 114 S.Ct. 266, 126 L.Ed.2d 218 (1993).

■ A finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948)). Here, Ekwunoh testified at the sentencing hearing that she did not know the attaché case contained over a kilogram of heroin; rather, she suspected that the courier might be a "swallower"—i.e., carrying the heroin in his intestines. Relying on her testimony that she had observed a prior transaction where her boyfriend smuggled 400 grams of heroin as a swallower, the district court found that Ekwunoh "believed that she was to assist in smuggling only 400 grams." 813 F.Supp. at 180.

On the other hand, Ekwunoh also admitted that her brother, former boyfriends, and friends were involved in heroin dealing, and that she personally received up to 250 grams twice a month, over a two-year period, to distribute in the New York metropolitan area. Thus, by her own admission, Ekwunoh trafficked in a total of more than one kilogram of heroin over a period of several months. Surely, a reasonable distributor of heroin in such quantities could not turn a blind eye to the possibility that someday she

would be handed at one time a one-kilogram cache of heroin for distribution.

The district court relied solely on Ekwunoh's isolated experience with her boyfriend as a swallower in making its finding on foreseeability. This reliance was misplaced. On the "entire evidence" in this record, we are left with the "definite and firm conviction" that the district court erred in finding that Ekwunoh could not have foreseen that the courier at the airport would be carrying over a kilogram of heroin. Because we detect clear error, we must remand for reconsideration of Ekwunoh's sentencing.

## CONCLUSION

We have considered all of Ekwunoh's arguments in support of the lesser sentence and have found them to be without merit. The sentence is vacated, and the matter is remanded for resentencing consistent with the foregoing.

JON O. NEWMAN, Chief Judge, concurring:

Under a sentencing regime that makes extensive use of mandatory minimum sentences for drug offenses and that correlates those sentences precisely to drug quantities, it is crucially important for courts to be analytically sound and factually correct in their determination of drug quantities attributable to each defendant facing such penalties. This appeal presents important issues concerning the determination of such quantities. The first issue is whether a defendant convicted of possession of drugs is subject to the mandatory minimum penalty specified for whatever quantity is actually possessed or only for such quantity as was reasonably foreseeable. If the defendant's reasonable expectation limits the penalty, the second issue is whether a sentencing court's determination of the quantity that was reasonably foreseeable is a finding of fact or a conclusion of law. The majority finds it unnecessary to decide the first issue and rules that reasonable foreseeability in this context is a question of fact. I agree that this is an inappropriate case to resolve the first issue, but I conclude that reasonable foreseeability in this context, as in all others, is a question of law. However, believing that the District Court's ruling as to reasonable foreseeability was legally incorrect, though not necessarily clearly erroneous, I concur in the judgment remanding for resentencing.

### 1. *Mens rea* and drug possession offenses

In drug possession cases, we have ruled that mandatory minimum penalty provisions are applicable "even if a defendant does not know the specific nature and amount of the controlled substance." *United States v. Jackson,* 968 F.2d 158, 163 (2d Cir.) (citing *United States v. Collado–Gomez,* 834 F.2d 280 (2d Cir.1987), *cert. denied,* 485 U.S. 969, 108 S.Ct. 1244, 99 L.Ed.2d 442 (1988)), *cert. denied,* —— U.S. ——, 113 S.Ct. 664, 121 L.Ed.2d 589 (1992). No "trap for the unwary" is created because there must be "proof that a defendant knowingly and intentionally possessed a controlled substance." *See United States v. Pineda,* 847 F.2d 64, 65 (2d Cir.1988).

Though the defendant need not actually know the quantity possessed to receive the penalty applicable to that quantity, it is not settled whether he may be punished for such a quantity if he could not reasonably foresee that such a quantity would be placed in his possession. Doubt has been engendered by our ruling in a conspiracy case that a defendant may not be punished under a mandatory minimum provision for a quantity of drugs possessed by a co-conspirator unless possession of that quantity was reasonably foreseeable by the defendant. *See United States v. Martinez,* 987 F.2d 920, 926 (2d Cir.1993). Since *Martinez,* we have ruled that a conspirator could be punished for the actual quantity in his possession where such quantity was reasonably foreseeable, *United States v. Pico,* 2 F.3d 472, 475–76 (2d Cir.1993), and have made a similar ruling as to a defendant convicted of a substantive importation offense, *United States v. Imariagbe,* 999 F.2d 706, 707–08 (2d Cir.1993). What we have not decided is the converse of *Imariagbe:* may a defendant be punished for the quantity possessed if possession of such quantity was *not* reasonably foreseeable?

The pending case poses that issue in circumstances that are closer to a conspiracy case than to the typical substantive possession case. Caroline Ekwunoh was instructed to meet a courier arriving at John F. Kennedy International Airport, give him $2,000, and drive him to New Jersey. The courier arrived carrying an attache case containing just over one kilogram of heroin. Ekwunoh accompanied him to her car in the airport parking lot. At the car, the courier handed her the attache case so that she could place it in the trunk of the car. At that point she was arrested. It is this momentary holding of the attache case that renders Ekwunoh liable for the substantive possession offense, though realistically what she is being punished for is her role in conspiring with the courier or perhaps in aiding and abetting his substantive offense. Her situation reveals a less significant possession than the activity of Pico, who swam to a boat, called for a package to be tossed to him and swam to shore with the package, *see Pico,* 2 F.3d at 473–74, or the activity of Imariagbe, who carried a suitcase from Nigeria to New York City, *see Imariagbe,* 999 F.2d at 707.

Since Ekwunoh's possession was so fleeting, I agree with the majority that we should assume, for purposes of this appeal, that reasonable foreseeability of the quantity possessed is a requirement in substantive possession cases.

### 2. Reasonable foreseeability as an issue of law

Many courts, including ours, have said or implied that reasonable foreseeability is an issue of fact, and that a district court's determination is to be accepted on appeal unless clearly erroneous. *See United States v. De La Cruz,* 996 F.2d 1307, 1314 (1st Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 356, 126 L.Ed.2d 320 (1993); *United States v. Pofahl,* 990 F.2d 1456, 1479 (5th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 266, 126 L.Ed.2d 218 (1993); *United States v. Stevens,* 985 F.2d 1175, 1188–89 (2d Cir.1993); *United States v. Sims,* 975 F.2d 1225, 1242 (6th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1315, 122 L.Ed.2d 702 (1993); *United States v. Lam Kwong–Wah,* 966 F.2d 682, 688 (D.C.Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 287, 121 L.Ed.2d 213 (1992). Such statements, however, have not reflected any analysis of whether the issue is one of fact or of law,[1] and, in my view, are incorrect.

The "reasonable foreseeability" standard is a legal standard that needs to be applied to the specific facts of a case. Any standard involving a determination of what is reasonable involves a legal standard. Application of a legal standard to facts is normally an issue of law. *See* 9 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2589 (1971) ("Many issues in a law suit involve elements of both law and fact.

---

1. The First Circuit's statement that the "finding as to the quantity embraced by the conspiracy and reasonably foreseen by the defendant is a factual one," *United States v. De La Cruz,* 996 F.2d at 1314, cites *United States v. Tracy,* 989 F.2d 1279, 1287 (1st Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 2393, 124 L.Ed.2d 294 (1993), which had involved only the actual quantity possessed and had nothing to do with foreseeability.

The Fifth Circuit's statement that "[t]he quantity of drugs reasonably foreseeable to [defendant] is a question of fact," *United States v. Pofahl,* 990 F.2d at 1479, relies on prior decisions holding only that determinations of relevant conduct are "primarily factual," *United States v. Cockerham,* 919 F.2d 286, 289 (5th Cir.1990), and that the actual quantity of drugs is a factual question, *United States v. Rivera,* 898 F.2d 442, 445 (5th Cir.1990).

The Sixth Circuit's statement that "[t]he district court's determination of the quantity of drugs for which a defendant will be held accountable is a factual finding," *United States v.*

*Sims,* 975 F.2d at 1242, relies on a similar statement in *United States v. Walton,* 908 F.2d 1289, 1300–01 (6th Cir.), *cert. denied,* 498 U.S. 990, 111 S.Ct. 532, 112 L.Ed.2d 542 (1990), that in turn relied on a general statement in *United States v. Barrett,* 890 F.2d 855, 867 (6th Cir. 1989), that concerned the statutory requirement that findings of fact in sentencing are to be accepted unless clearly erroneous, 18 U.S.C. § 3742(d), a standard applied in *Barrett* to the entirely factual question of whether the defendant was an organizer or manager.

The District of Columbia Circuit's statement that the district court made "factual findings" as to what the defendant "knew or reasonably could have foreseen," *United States v. Lam Kwong–Wah,* 966 F.2d at 688, extends the findings beyond what occurred, since the trial judge in that case made findings as to what the defendant actually knew, *id.* at 689–90, and had no occasion to consider what was reasonably foreseeable.

Whether these be referred to as mixed questions of law and fact, or ... the application of law to facts, there is substantial authority that they are not protected by the 'clearly erroneous' rule and are freely reviewable").

The Supreme Court has suggested that what is reasonable for a police officer to have thought for purposes of qualified immunity is a question of law. *See Hunter v. Bryant*, —— U.S. ——, —— – ——, 112 S.Ct. 534, 536–37, 116 L.Ed.2d 589 (1991). We give such questions to a jury only because they usually also involve underlying disputed issues of fact, and, in such cases, the jury is both the decider of the fact issues and the applier of the relevant legal standard, as set forth in the jury instructions. *See Hurlman v. Rice*, 927 F.2d 74, 78–79 (2d Cir.1991). However, when the underlying facts are found by a judge, as occurs at sentencing, the judge's determination of the legal issue whether those underlying facts support a conclusion of reasonable foreseeability is not mixed with the underlying fact issues and is fully available for *de novo* review.

In this case, the District Judge is not determining what the defendant in fact foresaw. If Ekwunoh did in fact foresee the one kilogram quantity that was in the attache case, she would clearly be responsible for it, and there would be no need to go on to the issue of whether that quantity would have been foreseeable by a reasonable person in her circumstances.

The factual circumstances on which the reasonable foreseeability determination is to be made are not seriously disputed, and, as to these facts, the findings of the District Judge are binding on us unless clearly erroneous. Ekwunoh had been involved in heroin dealings for two years, handling up to 250 grams twice a month. She was instructed to meet a narcotics courier arriving from Nigeria, give him $2,000, and drive him to New Jersey. Even if she actually believed, as the District Court found, that the courier had 400 grams, the same quantity previously brought in by her boyfriend in his alimentary canal, it was reasonably foreseeable that a courier for the organization she had been dealing with, arriving with an attache case, would be bringing in a one kilogram quanti-

ty. The District Court's contrary ruling was an error of law. I therefore concur in the judgment remanding for resentencing.