**UNITED STATES of America, Appellee,**

v.

**Chukwune IVONYE, Defendant–Appellant.**

**No. 1501, Docket 93–1720.**

United States Court of Appeals, Second Circuit.

Argued June 24, 1994.

Decided July 8, 1994.

Henriette D. Hoffman, New York City (Legal Aid Soc., on the brief), for defendant-appellant.

Stanley J. Okula, Brooklyn, NY (Zachary W. Carter, U.S. Atty., Edgardo Ramos, Asst. U.S. Atty., on the brief), for appellee.

Before: NEWMAN, Chief Judge, PIERCE and LEVAL, Circuit Judges.

JON O. NEWMAN, Chief Judge:

This appeal from a conviction in a narcotics case raises the issue whether a defendant's offense level should be calculated on the basis of the type and amount of narcotics actually possessed or only on such less serious type and such lesser amount as the defendant reasonably believed was possessed. We recently resolved that issue in favor of a calculation based on the type and quantity actually possessed, *see United States v. De Velasquez*, 28 F.3d 2 (2d Cir.1994). We write briefly in this case only to emphasize that, in an appropriate case, the *De Velasquez* ruling does not preclude consideration of a downward departure.

Chukwune Ivonye appeals from the October 21, 1993, judgment of the District Court for the Eastern District of New York (Raymond J. Dearie, Judge) convicting him, on his guilty plea, of importation of heroin, in violation of 21 U.S.C. § 952(a) (1988). Upon his arrival from Nigeria at John F. Kennedy International Airport, Ivonye was discovered to be carrying 336.5 grams of heroin concealed in his shoes. During his plea allocution, Ivonye claimed that the person who had recruited him to smuggle drugs into the United States had told him that the shoes contained 250 grams of cocaine. Judge Dearie ruled that the offense level should be calculated on the basis of the type and quantity of drugs actually possessed, which, after adjustments, yielded a sentencing guideline range of 30 to 37 months. Declining in the exercise of discretion to make a downward departure, Judge Dearie sentenced Ivonye to 30 months' imprisonment.

Though the argument for sentencing on the basis only of the type and quantity of narcotics that the defendant reasonably believed was possessed has been forcefully stated, *see United States v. Cordoba–Hincapie*, 825 F.Supp. 485 (E.D.N.Y.1993); *United States v. Ekwunoh*, 813 F.Supp. 168 (E.D.N.Y.), *rev'd on other grounds*, 12 F.3d 368 (2d Cir.1993), our recent *De Velasquez* decision makes clear that "as a general proposition, a defendant may be sentenced for the entire quantity of drugs in his possession even if the total quantity was not foreseeable." 28 F.3d at 3.

We have noted, however, that in an appropriate case, a significant gap between the amount of drugs actually possessed and the amount reasonably foreseeable might justify a downward departure. *See United States v. Imariagbe*, 999 F.2d 706, 708 (2d Cir.1993) (referring to "an unusual situation in which the gap between belief and actuality was so great as to make the Guideline grossly unfair in application, meriting at least a downward departure...."); *see also De Velasquez*, 28 F.3d at 6. That exception does not aid Ivonye. The difference between 336.5 grams of heroin and 250 grams of cocaine is not so significant as to justify a departure. Since Judge Dearie did not act under a misapprehension as to his departure authority, his decision not to depart is unreviewable on appeal. *See United States v. Whittaker*, 999 F.2d 38, 43 (2d Cir.1993).

The judgment of the District Court is affirmed.