USCA1 Opinion

 

 March 27, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 94-1915 UNITED STATES, Appellee, v. JORGE SILVA, A/K/A VICTOR MALDONADO-GARCIA, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Joseph L. Tauro, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Selya and Boudin, Circuit Judge. _____________ ____________________ Eileen M. Donoghue on brief for appellant. __________________ Donald K. Stern, United States Attorney, and Carole S. Schwartz, _______________ ___________________ Assistant United States Attorney, on brief for appellee. ____________________ ____________________  Per Curiam. Appellant, Jorge Silva, pleaded ___________ guilty to charges of conspiracy to possess cocaine with intent to distribute and possession of cocaine with intent to distribute. The district court, after a lengthy hearing on the issue of the amount of cocaine that appellant knew or reasonably foresaw was involved in the relevant transaction, found that the full nine kilograms was attributable to him. Accordingly, on July 21, 1994, it imposed the mandatory minimum ten-year prison sentence prescribed by statute. See ___ 21 U.S.C. 841(b)(1)(A)(ii). Appellant's sole argument on appeal is that it was clear error for the district court to find that the government proved by a preponderance of the evidence that Silva knew or reasonably foresaw that five or more kilograms of cocaine were involved in the transaction underlying the possession charge. Appellant urges that his sentence be recalculated based upon a quantity of one-to-four kilograms of cocaine. We affirm. The statements and findings by the district court at the sentencing hearing, as well as the parties' briefs, seem to assume that only the amount of drugs that appellant knew or reasonably foresaw as being involved in his conduct can be attributed to him for purposes of imposing mandatory minimum sentence. See United States v. Ekwunoh, 813 F. Supp. 168, ___ _____________ _______ 178 (E.D.N.Y. 1993), vacated on other grounds, 12 F.3d 368 _________________________ (2d Cir. 1994). Although that argument has been presented to this court, we have not yet been required to resolve the issue. See United States v. Ortiz, 23 F.3d 21, 28 (1st Cir. ___ _____________ _____ 1994); United States v. Beasley, 12 F.3d 280, 285 (1st Cir. ______________ _______ 1993). Nor are we required to resolve it here. The record clearly supports a finding by a preponderance of the evidence that appellant reasonably foresaw the quantity of drugs upon which his sentence was based. "For sentencing purposes, the government must prove drug quantities by a preponderance of the evidence." United States _____________ v. Sepulveda, 15 F.3d 1161, 1198 (1st Cir. 1993). The _________ district court's judgment as to the quantity of drugs reasonably foreseen by the appellant will not be disturbed unless clearly erroneous. See, e.g., United States v. De La ___ ____ _____________ _____ Cruz, 996 F.2d 1307, 1314 (1st Cir.), cert. denied, __ U.S. ____ ____ ______ __, 114 S.Ct. 356 (1993). Given that the mandatory minimum sentence applies so long as quantities of five grams or more are involved, this court need only determine whether the court clearly erred in attributing that amount of cocaine to Silva. See Sepulveda, 15 F.3d at 1200. ___ _________ The record supports the court's finding that the government proved by a preponderance of the evidence that Silva knew or reasonably foresaw that the drug transaction in which he participated involved five or more kilograms of cocaine. Both appellant and the government relied at the sentencing hearing on transcripts from the trial of a co- -3- defendant, Jaime Corrales, at which the sentencing judge presided. Those transcripts demonstrate that Silva was responsible for making deliveries of the drugs for the conspirators. They further show that at some point during the transaction, Silva brought the bag containing nine kilograms of cocaine to the owner of the cocaine. From the weight of the bag alone, he could have reasonably foreseen that it contained five or more kilogramos of cocaine. See United ___ ______ States v. Ortiz, 23 F.3d at 28 (concluding that "there would ______ _____ be no basis for finding that defendant did not foresee that at least five kilograms of cocaine were involved in his crimes" where the bags containing the cocaine "were visibly heavy" and actually contained twenty-five kilograms of cocaine); United States v. Beasley, 12 F.3d at 284 _______________ _______ (concluding that record supported finding of "actual knowledge" that transaction involved more than one kilogram of heroin where the suitcase in fact contained more than three kilograms and defendant had lifted and shaken the suitcase.) There being no clear error in the district court's finding with respect to drug quantity, appellant's sentence is affirmed. See 1st Cir. Loc. R. 27.1.  ________ ___ -4-