101 F.3d 687
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
U.S.
v.
BARWICK
 No. 95-1563.
 United States Court of Appeals, Second Circuit.
 June 25, 1996.
 
 B. Alan Seidler, Nyack, NY, for Appellant.
 Bradley D. Simon, Assistant United States Attorney, Eastern District of New York, Brooklyn, NY.
 Before LUMBARD, ALTIMARI and WALKER, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York (Platt, Judge ), and was argued.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is AFFIRMED.
 
 
 3
 Defendant-appellant Louis Ferrante appeals from a judgment of the district court convicting him, after a jury trial, of one count of conspiracy to commit credit card fraud in violation of 18 U.S.C. § 1029(b)(2), and one count of substantive credit card fraud in violation of 18 U.S.C. § 1029(a)(2). On September 22, 1995, Ferrante was sentenced to a sixty-month term of imprisonment on each count to run concurrently, which he is currently serving, to be followed by three years of supervised release. Ferrante argues on appeal that 1) the verdict was against the weight of the evidence, 2) the district court erred in upwardly departing, 3) he was denied the opportunity to present his defense that the prosecution was the product of a government vendetta, 4) he was unfairly prejudiced at trial by a reference to his connection with John Gotti, Jr., and 5) he was prejudiced by the variance between the single conspiracy charged in the indictment and the multiple conspiracies proven at trial.
 
 
 4
 Ferrante was involved in the processing of fraudulent credit card transactions with stolen or altered credit cards through Jeffrey Barwick, the owner of Jeff's Auto Toys, an automotive accessory shop. Barwick pleaded guilty to conspiracy to commit credit card fraud and testified at trial pursuant to a cooperation agreement. Barwick processed fraudulent credit card purchases at Jeff's Auto Toys so that William Degel could repay a debt he owed to Ferrante. During this period, on a tip from Degel, Ferrante robbed an electronics store which purportedly kept large sums of money. Ferrante found little cash, however, and in retaliation for the worthless tip, he took Barwick's Corvette while brandishing a gun and promised to return it only when Barwick ran $10,000 worth of credit cards for Degel. Barwick apparently intended to withdraw from the conspiracy, but he continued to process fraudulent credit card transactions for Degel. Ferrante told Barwick that for an additional $2,000 he would return the Corvette. Ferrante told Barwick to meet him at a location in Queens at midnight on March 26, 1992. When he arrived to retrieve his car, Barwick was ambushed by several men, including Ferrante, who beat him and shot him in the leg. Barwick thereafter ceased processing fraudulent credit card transactions and closed his store.
 
 
 5
 Ferrante argues that the jury verdict was against the weight of the credible evidence because the evidence "did not establish as a matter of law beyond a reasonable doubt that appellant was guilty." A defendant claiming that the evidence was legally insufficient bears a "very heavy burden." United States v. Soto, 716. F.2d 989, 991 (2d Cir.1983). Viewing the evidence in the light most favorable to the government and construing all inferences in the government's favor, id., we reject Ferrante's claim.
 
 
 6
 Ferrante challenges the district court's determinations under the Sentencing Guidelines. The district court's findings concerning factual matters, including the question of reasonable foreseeability, will not be disturbed on appeal unless they are shown to be clearly erroneous. United States v. Ekwunoh, 12 F.3d 368, 370 (2d Cir.1993). Because the district court found that Ferrante was involved in the conspiracy from the outset, it properly determined Ferrante's guideline offense level based upon a total of $102,000 in fraudulent credit card transactions. In addition, the district court properly enhanced Ferrante's sentence for more than minimal planning, for the conspiracy involved numerous fraudulent credit card changes over an extended period of time. See U.S.S.G. § 1B1.1, comment (n.1(f)). Finally, the district court's decision to upwardly depart on the basis of Ferrante's robbery, at gunpoint, of Barwick's car and his subsequent assault on Barwick was proper, because these acts by the defendant "relate in some way to the offense of conviction, even though not technically covered by the definition of relevant conduct." United States v. Kim, 896 F.2d 678, 684 (2d Cir.1990).
 
 
 7
 Ferrante also argues that the district court improperly denied him the opportunity to present his defense. Contrary to Ferrante's assertion, the district court did not rule that the rap music videotape that he produced was inadmissible. Rather, the court stated:
 
 
 8
 He [Ferrante] can take the witness stand and testify that he wrote this tape and that this was the sole basis in which he was prosecuted and so forth and so on, but you can't just put it in by itself.
 
 
 9
 The district court noted that Ferrante's testimony would be subject to cross-examination. The district court also told Ferrante that, alternatively, he could call then-Assistant United States Attorney Gleeson outside the presence of the jury or someone else who could establish a foundation for admission of the tape. Thus, the district court did not prevent Ferrante from introducing the tape but only required Ferrante to establish an evidentiary foundation for its admission. See Fed.R.Evid. 901.
 
 
 10
 Ferrante's challenge to the district court's decision to permit Barwick to testify that co-defendant Degel claimed that "Lou [Ferrante] was connected with John Gotti Jr., and not to mess around with him" is equally unavailing. First, Ferrante failed to object to the introduction of the statement. Moreover, this was simply background information that enabled the jury to understand Barwick's fear of Ferrante. See United States v. Skowronski, 968 F.2d 242, 246 (2d Cir.1992). Therefore, the district court did not abuse its discretion in admitting this statement.
 
 
 11
 Finally, Ferrante claims that he was prejudiced by a variance in the government's proof on the conspiracy charge. We reject this claim, because Ferrante has failed to show "substantial prejudice." United States v. Johansen, 56 F.3d 347, 352 (2d Cir.1995).
 
 
 12
 We have considered Ferrante's remaining contentions and find them to be without merit. For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.