**UNITED STATES of America,**
**Appellee,**

v.

**Manuel Ramon HERNANDEZ,**
**Defendant–Appellant.**

No. 03–1265.

United States Court of Appeals,
Second Circuit.

Jan. 15, 2004.

270

Rebecca Ebinger, Law Student Intern, United States Attorney's Office for the District of Connecticut (Kevin J. O'Connor, United States Attorney, Deborah R. Slater, Assistant United States Attorneys, Jeffrey A. Meyer, Assistant United States Attorney), New Haven, CT, for Appellee, of counsel.

Theodore Barone, Barone Law Offices (William F. Sullivan, Sullivan & Associates, on the brief), Quincy, MA, for Appellant.

Present: SACK, WESLEY, Circuit Judges, and PAULEY III,* District Judge.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of district court be, and it hereby is, AFFIRMED.

The defendant-appellant, Manuel Ramon Hernandez, pled guilty to one charge of possessing heroin with intent to distribute, in violation of 21 U.S.C. § 841, and one charge of escaping from custody, in violation of 18 U.S.C. § 751(a). At sentencing, the district court increased Hernandez's applicable offense score by two levels pursuant to United States Sentencing Guideline ("U.S.S.G.") § 2D1.1(b)(1). The district court found that Hernandez actually knew or reasonably should have foreseen that a coconspirator possessed a gun during a drug transaction. Hernandez appeals the district court's findings of fact supporting that enhancement.

* Of the United States District Court for the Southern District of New York, sitting by designation.

U.S.S.G. § 2D1.1(b)(1) provides a two-level increase to a defendant's applicable offense level "[i]f a dangerous weapon (including a firearm) was possessed" in relation to a drug trafficking offense. " 'The defendant need not have had personal possession, or even actual knowledge of the weapon's presence; the enhancement is required so long as the possession of the firearm was reasonably foreseeable to the defendant.' " *United States v. Giraldo,* 80 F.3d 667, 677 (2d Cir.1996) (*quoting United States v. Stevens,* 985 F.2d 1175, 1187 (2d Cir.1993); *see also* U.S.S.G. § 1B1.3(a)(1)(B) & cmt. 2 (making defendant responsible for reasonably foreseeable acts of others engaged in a jointly undertaken criminal activity)).

For the purposes of U.S.S.G. § 2D1.1(b)(1), the presence of dangerous weapons and the defendant's knowledge of that presence are questions of fact. *Stevens,* 985 F.2d at 1188; *United States v. Soto,* 959 F.2d 1181, 1186 (2d Cir.1992). Moreover, whether a codefendant's possession of a dangerous weapon was reasonably foreseeable is also a question of fact. *See United States v. Molina,* 106 F.3d 1118, 1121 (2d Cir.1997); *United States v. Ekwunoh,* 12 F.3d 368, 370 (2d Cir.1993). A district court's findings of fact at sentencing need only be made by a preponderance of the evidence, and we review such findings for clear error. *See United States v. Martino,* 294 F.3d 346, 349, 351 (2d Cir.2002).

■ A coconspirator in the drug deal, Jose Guerrero, initially stated that Hernandez gave him a gun that was seized during the drug bust. Although Guerrero later recanted, the court did not commit clear error by crediting his earlier testimony. " 'Where there are two possible views of the evidence, the fact-finder's choice between them cannot be clearly erroneous.' " *United States v. Williams,* 254 F.3d 44, 46 (2d Cir.2001) (quoting *Anderson v. Bessemer City,* 470 U.S. 564, 574, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985)).

■ Moreover, the district court did not commit clear error in finding that Hernandez should have reasonably foreseen that a gun would be present at the drug deal. As the district court noted, guns are frequently tools of the drug trade. *United States v. Flaharty,* 295 F.3d 182, 200 (2d Cir. 2002). As part of his plea agreement with respect to the drug charge, Hernandez stipulated that he knew he was involved in the sale of approximately $50,000 worth of heroin. Hernandez's prior criminal record included multiple convictions for possession of narcotics and firearms. In light of Hernandez's experience with drugs and weapons, the district court did not commit clear error in finding by a preponderance of the evidence that it was reasonably foreseeable that one of his confederates would be armed during the course of such a high-value drug deal.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.