**UNITED STATES of America, Appellee,**

v.

**Julio DE LA CRUZ, Defendant–Appellant.**

No. 04–1448.

United States Court of Appeals, Second Circuit.

Nov. 10, 2004.

Paul E. Warburgh, Jr., New York, NY., for Appellant.

Joon H. Kim, Assistant United States Attorney for the Southern District of New York (David N. Kelley, United States At-torney for the Southern District of New York, Mark A. Racanelli, Karl Metzner, Assistant United States Attorneys), New York, NY., for Appellee, of counsel.

Present: OAKES, SACK, and B.D. PARKER, Jr., Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, AF-FIRMED.

█ The defendant-appellant, Julio De La Cruz, was convicted of one count of an indictment under 21 U.S.C. § 846 (conspir-acy to distribute cocaine), one count under 18 U.S.C. § 1956(b) (conspiracy to launder money), one count under 18 U.S.C. § 924(c)(1)(A)(i) (illegal possession of a firearm in furtherance of a narcotics of-fense), and one count under 18 U.S.C. § 111(a)(1) (assault of a federal officer). The United States District Court for the Southern District of New York (Barbara S. Jones, *Judge*) sentenced De La Cruz to 188 months' incarceration on the narcotics, money laundering, and assault charges, to be served concurrently, and 60 months' incarceration on the firearm charge, to be served consecutively, for a total of 248 months' incarceration. In sentencing De La Cruz, Judge Jones accepted the offense level set forth in the Presentence Investi-gation Report, denying De La Cruz's mo-tion for a "minor participant" downward adjustment pursuant to U.S.S.G. § 3B1.2. De La Cruz appeals his conviction and sentence. He argues, in light of *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), that his Sixth Amendment right to confrontation was vio-lated by the admission in evidence, at his trial, of his co-defendant José Vasquez's

guilty plea allocution. In addition, he claims that the district court erred in refusing to find, at sentencing, that he was a "minor" participant.

When, as in this case, a defendant raises a Confrontation Clause claim regarding an admission of evidence after failing to make a timely objection to that admission at trial, this Court reviews for "plain error." *See United States v. Dukagjini*, 326 F.3d 45, 59–60 (2003); Fed.R.Crim.P. 52(b). Under this standard, "before an appellate court can correct an error not raised at trial, there must be (1) 'error,' (2) that is 'plain,' and (3) that 'affects substantial rights.' If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error 'seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" *Johnson v. United States*, 520 U.S. 461, 466–67, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997) (quoting *United States v. Olano*, 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)) (further quotation marks and citation omitted). "[A]n error 'affects a defendant's substantial rights if it is prejudicial and it affected the outcome of the district court proceedings.'" *United States v. Bruno*, 383 F.3d 65, 79 (2d Cir.2004) (quoting *United States v. Thomas*, 274 F.3d 655, 668 (2d Cir.2001) (en banc)). In determining whether a defendant's substantial rights were affected, we consider a variety of factors, including " 'whether the Government's case against the defendant[s] was strong; whether the evidence in question bears on an issue that is plainly critical to the jury's decision . . .; whether the evidence was emphasized in the Government's presentation of its case and in its arguments to the jury; and whether the case was close.'" *Id.* (quoting *United States v. Jean–Baptiste*, 166 F.3d 102, 108–09 (2d Cir.1999)) (alterations in *Bruno*).

In *Crawford v. Washington*, the Supreme Court held that "[w]here testimonial statements are at issue, the only indicium of reliability sufficient to satisfy constitutional demands is the one the Constitution actually prescribes: confrontation." *Crawford*, 124 S.Ct. at 1374. It is clear that "a plea allocution by a co-conspirator who does not testify at trial may not be introduced as substantive evidence against a defendant unless the co-conspirator is unavailable and there has been a prior opportunity for cross-examination." *United States v. McClain*, 377 F.3d 219, 221–22 (2d Cir.2004). Thus in this case, as the government concedes, the admission of Vasquez's plea allocution met the first two prongs of the "plain error" test.

However, the next two prongs of the "plain error" test have not been met. The admission of the plea allocution did not affect De La Cruz's substantial rights, nor did it seriously affect the fairness, integrity, or public reputation of the judicial proceedings.

The district court specifically instructed the jury that Vasquez's guilty plea allocution could only be considered "for the purpose of determining whether a narcotics conspiracy or a money laundering conspiracy in fact existed" and "not . . . to determine whether Julio De La Cruz . . . was a member of any conspiracy." We must assume that the jury followed this instruction. *See McClain*, 377 F.3d at 223; *Richardson v. Marsh*, 481 U.S. 200, 206, 107 S.Ct. 1702, 95 L.Ed.2d 176 (1987). In this case, there was sufficient evidence, without Vasquez's plea allocution, for a jury to find that a narcotics conspiracy and a money laundering conspiracy existed—as defense counsel expressly conceded at oral argument regarding the latter.

As for the sentencing claim, this Court reviews *de novo* a district court's legal

interpretation of the Sentencing Guidelines, *see, e.g., United States v. Carpenter,* 252 F.3d 230, 234 (2d Cir.2001), and we "accept the findings of fact of the district court unless they are clearly erroneous and ... give due deference to the district court's application of the guidelines to the facts" when the sentence is not outside the applicable guideline range, 18 U.S.C. § 3742(e). "A finding is clearly erroneous 'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *United States v. Ekwunoh,* 12 F.3d 368, 370 (2d Cir.1993) (quoting *Anderson v. City of Bessemer,* 470 U.S. 564, 573, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985)) (further internal quotations omitted).

■ Section 3B1.2(b) of the United States Sentencing Guidelines provides that, "[i]f the defendant was a minor participant in any criminal activity," the offense level can be "decrease[d] by 2 levels." A "defendant must prove by a preponderance of the evidence that she is entitled to a minor role adjustment under § 3B1.2 of the Sentencing Guidelines." *United States v. Castano,* 234 F.3d 111, 113 (2d Cir.2000). Furthermore, a defendant may only be eligible for a "minor participant" reduction if he or she is "substantially less culpable than the *average* participant." U.S.S.G. § 3B1.2, cmt. n. 3 (emphasis added); *see also United States v. Yu,* 285 F.3d 192, 200 (2d Cir.2002). After reviewing the record, we conclude that the district court's factual findings regarding the role played by De La Cruz—to wit, that he was armed and guarding a substantial amount of money, had frequent contact with Vasquez, and knew that he was involved in laundering narcotics proceeds— are not clearly erroneous. Furthermore, we agree with the district court's deter-

mination that De La Cruz's role was not "minor." De La Cruz's "relationship to other participants, the importance of [his] actions to the success of the venture, and [his] awareness of the nature and scope of the criminal enterprise," *Yu,* 285 F.3d at 200 (internal quotation marks and citation omitted), all indicate that his role, within the limited scope of the specific conspiracies that he was convicted of participating in, was not minor "as compared to the average participant in such a crime," *id.* (internal quotation marks and citation omitted).

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED. The mandate will be held pending the Supreme Court's decision in *United States v. Booker,* —— U.S. ——, 125 S.Ct. 11, 159 L.Ed.2d 838 (2004) (mem.), and *United States v. Fanfan,* —— U.S. ——, 125 S.Ct. 12, 159 L.Ed.2d 838 (2004) (mem.). Should any party believe there is a special need for the district court to exercise jurisdiction prior to the Supreme Court's decision, the party may file a motion seeking issuance of the mandate in whole or in part. Although any petition for rehearing should be filed in the normal course pursuant to Rule 40 of the Federal Rules of Appellate Procedure, the court will not reconsider those portions of its opinion that address the defendant's sentence until after the Supreme Court's decision in *Booker* and *Fanfan.* In that regard, the parties will have until 14 days following the Supreme Court's decision to file supplemental petitions for rehearing in light of *Booker* and *Fanfan.*