**UNITED STATES of America,**
**Appellee,**

v.

**Ronnie JAMES, Defendant–Appellant.**

No. 08–0581–cr.

United States Court of Appeals,
Second Circuit.

Jan. 20, 2009.

William M. Brown Jr., Assistant United States Attorney, (Sandra S. Glover, on the brief) for Nora R. Dannehy, United States Attorney for the District of Connecticut, New Haven, CT, for Appellee.

Robert J. Sullivan, Law Offices of Robert J. Sullivan, Westport, CT, for Defendant–Appellant.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. GUIDO CALABRESI and Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Ronnie James appeals from an order entered January 24, 2008 in the United States District Court for the District of Connecticut (Underhill, *J.*) declining to re-sentence James following a remand from this Court pursuant to *United States v. Crosby,* 397 F.3d 103 (2d Cir.2005). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

James originally pleaded guilty in October 2002 to one count of possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841. He was sentenced principally to the statutory mandatory minimum of ten years' imprisonment. On his original appeal, James argued only that the district court erred in denying his application for a substantial assistance downward departure pursuant to United States Sentencing Guidelines § 5K1.1, notwithstanding the absence of a government motion for such a departure. This Court affirmed by summary order the district court's denial of his request for such a departure. *United*

*States v. James,* 106 Fed.Appx. 752 (2d Cir.2004) (summary order).

We subsequently issued a second order remanding the case to the district court to consider whether to re-sentence James in light of the Supreme Court's intervening decision in *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) and this Court's decision in *Crosby.*

By written order dated January 22, 2008, 2008 WL 207694, the district court declined to re-sentence James, and James now appeals again.

■ As the district court properly noted, James's sentence was driven by the statutory mandatory minimum. His various challenges to his sentence fail in the first instance because he is barred by the law of the case from raising challenges that could have been made and adjudicated on direct appeal. *See, e.g., United States v. Williams,* 475 F.3d 468, 475 (2d Cir. 2007)("[T]he law of the case doctrine ordinarily will bar a defendant from renewing challenges to rulings made by the sentencing court that were adjudicated by this Court—or that could have been adjudicated by us had the defendant made them—during the initial appeal that led to the *Crosby* remand."), *cert. denied,* —— U.S. ——, 128 S.Ct. 881, 169 L.Ed.2d 739 (2008).

■ Moreover, James's arguments are meritless. There is no Sixth Amendment flaw with a decision not to depart downward pursuant to § 5K1.1 because the substantial assistance provisions, like the safety-valve provisions, "serve as a mechanism for *reducing* sentences, rather than *increasing* them." *United States v. Jimenez,* 451 F.3d 97, 103–104 (2d Cir. 2006) (per curiam)(emphasis in original).

James is not entitled to withdraw a guilty plea after sentencing if that sentence has not been vacated. Fed.R.Crim.P. 11(e). Finally, a ten year mandatory minimum sentence in this case is not unconstitutional. *See United States v. Pineda,* 847 F.2d 64, 65 (2d Cir.1988) (per curiam); *United States v. Jackson,* 59 F.3d 1421, 1424 (2d Cir.1995) (per curiam).

For the foregoing reasons, the appeal is **DENIED.**