**UNITED STATES of America,**
**Appellee,**

v.

**Mentor DAIJA, Defendant–Appellant.**

**No. 08–0976–cr.**

United States Court of Appeals,
Second Circuit.

Oct. 2, 2009.

Court supports his assertions regarding corroboration. Because that order was issued

Alexei Schacht, Nalven & Schacht, New York, NY, for Defendant–Appellant.

Katherine Polk Failla, Assistant United States Attorney (Michael J. Garcia, United States Attorney, on the brief, Richard C. Daddario, Assistant United States Attorney, of counsel), Office of the United States Attorney for the Southern District of New York, New York, NY, for Appellee.

PRESENT: DENNIS JACOBS, Chief Judge, JON O. NEWMAN and JOSÉ A. CABRANES, Circuit Judges.

## SUMMARY ORDER

Defendant Mentor Daija appeals from a judgment entered on February 19, 2008, convicting him, following a guilty plea, of four counts of a five count indictment, including: conspiracy to distribute marijuana in violation of 21 U.S.C. § 846 (Count One); possessing marijuana with intent to distribute, 21 U.S.C. §§ 812, 841(a)(I), and 841(b)(1)(D) (Count Two); using and carrying a firearm during and in relation to a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A) (Count Three); and being an unlawful alien in possession of a firearm, 18 U.S.C. § 922(g)(5) (Count Five). At the time of sentencing, the District Court dismissed Count Four, which charged defendant with carrying a firearm during a drug trafficking crime and committing a murder in the course of that crime, in violation of 18 U.S.C. § 924(j). The District Court conducted a *Fatico* hearing, pursuant to 603 F.2d 1053 (2d Cir.1979) and 579 F.2d 707 (2d Cir. 1978), to determine (1) whether a ten-year mandatory sentence should apply be-

prior to January 1, 2007, Zheng was not permitted to cite that case. *See* Loc. R. 32.1.

cause defendant discharged a firearm "in furtherance of" a drug-trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) and (2) whether the District Court should apply the murder cross-reference provisions in sentencing defendant for the narcotics offenses charged in Counts One, Two, and Five. After determining that defendant had discharged a firearm in furtherance of a drug-trafficking crime and that he had the requisite intent for second-degree murder without justification, the District Court sentenced defendant principally to three concurrent terms of 60 months and one consecutive sentence of 120 months. Defendant appeals this sentence. We assume the parties' familiarity with the factual and procedural history of the case.

On appeal, defendant argues that the District Court erred in finding (1) that defendant intentionally and with malice aforethought shot and killed the burglar who had retreated from defendant's apartment and, (2) that defendant discharged a firearm in furtherance of the drug conspiracy in which he was admittedly involved, when he used it to protect himself while he attempted to conceal the proceeds of the drug conspiracy.

We review a district court's factual findings for clear error. *United States v. Rubenstein,* 403 F.3d 93, 99 (2d Cir.2005). "A finding is clearly erroneous 'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *United States v. Ekwunoh,* 12 F.3d 368, 370 (2d Cir.1993) (quoting *Anderson v. City of Bessemer City,* 470 U.S. 564, 573, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985)). Therefore, "[s]o long as 'the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact,

it would have weighed the evidence differently." *United States v. Reilly,* 76 F.3d 1271, 1276 (2d Cir.1996) (quoting *Anderson v. City of Bessemer City,* 470 U.S. 564, 573, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985)).

We find no error—much less clear error—in the District Court's factual findings and its evaluations of the testimony and witnesses presented. Nor did the District Court err in making its subsequent sentencing calculations based on these findings of fact. Substantially for the reasons stated in the District Court's well-reasoned and thorough opinion, 529 F.Supp.2d 465 (S.D.N.Y.2008), we affirm.

### CONCLUSION

Accordingly, the judgment of the District Court is **AFFIRMED.**