**Robert DUNSTON, Appellant,**

**v.**

**UNITED STATES of America, Appellee.**

**No. 1073, Docket 88–2135.**

United States Court of Appeals, Second Circuit.

Submitted April 25, 1989.

Decided June 30, 1989.

seven counts of a nine-count indictment for violations of narcotics laws. On December 31, 1984, Judge Elfvin sentenced Dunston to seven concurrent twelve year terms of incarceration and in addition imposed a special parole term of ten years.

Thereafter, Dunston, in March 1985, through his trial counsel, moved for a reduction of his sentence under Fed.R. Crim.P. 35. A little more than a month later, Dunston filed a pro se motion pursuant to Rule 35, seeking a reduction in his sentence, alleging, *inter alia*, that he was never afforded an opportunity to review the presentence report ("PSI"). The district court apparently never ruled on these motions.[1]

Finally, in December 1986, Dunston filed another pro se motion seeking a reduction of his sentence pursuant to 28 U.S.C. § 2255, claiming ineffective assistance of counsel, the inclusion of erroneous information in the PSI and the lack of opportunity to review the PSI. The motion was granted, vacating Dunston's sentence, and a resentencing hearing was held on February 28, 1988. Dunston, on his own behalf and through counsel, raised a number of objections to substantial allegations contained in the PSI. At the conclusion of the hearing, the district court resentenced Dunston to a term of eight years incarceration and ten years of special probation.

Because the district court did not fully comply with the mandate of Fed.R.Crim.P. 32(c)(3)(D) with regard to the contested portions of the PSI, we remand.

Rule 32(c)(3)(D) provides in pertinent part:

> The court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing. A written report of such findings and determinations shall be appended to and accompany any copy of the presentence investigation report thereafter made available to

Robert Dunston, Loretto, Pa., pro se.

Dennis C. Vacco, U.S. Atty., W.D.N.Y., Buffalo, N.Y. (Joseph B. Mistrett, Asst. U.S. Atty., of counsel), for appellee.

Before OAKES, Chief Judge, and MESKILL and WISDOM *, Circuit Judges.

PER CURIAM:

Robert Dunston, *pro se*, appeals from a judgment of the United States District Court for the Western District of New York, John T. Elfvin, *Judge*, resentencing him pursuant to a motion filed under 28 U.S.C. § 2255. In October 1984, Dunston was convicted, following his guilty plea, on

* Of the United States Court of Appeals for the Fifth Circuit, sitting by designation.

1. The Rule 35 motions were disposed of in the district court's granting Dunston's section 2255

motion. The court stated that the passage of time had rendered the motions *de facto* denied and the pro se motion was subsumed by the section 2255 motion.

the Bureau of Prisons or the Parole Commission.

■ Thus, the rule affords protection to the defendant both at the time of sentencing and in the future, because the PSI is utilized by the Parole Commission in its determination of parole eligibility for a defendant. *United States v. Eschweiler,* 782 F.2d 1385 (7th Cir.1986). In this court, we require strict adherence to the rule. *See United States v. Ursillo,* 786 F.2d 66, 71 (2d Cir.1986).

■ Although this court has held that a defendant is not entitled to findings of fact under Rule 32(c)(3)(D) where a sentencing court expressly states that it did not consider the disputed materials, *United States v. Navaro,* 774 F.2d 565, 566 (2d Cir.1985) (*per curiam*), we think that the record here lacks such an express statement by the sentencing court at Dunston's original sentencing.

We note that during the resentencing hearing, the district court did not have the transcript of the original sentencing, although it did review the PSI. The court stated that it did not rely upon the disputed information because it was:

> ... flatly not the kind of stuff or is the kind of stuff that I stay away from and don't include in my own study or any basis for sentencing. I can assure you and Mr. Dunston that I did not take that into consideration at the time I imposed sentence. However, it's in there, I know, and I do recognize that the Parole Commission just sops that up.

We think that in light of the sentence reduction afforded defendant by the district court that the court implicitly did not rely on the disputed portions of the PSI. However, the transcript fails to demonstrate an explicit statement on the part of the district court as mandated by the rule. Thus, the district court neither made findings with regard to the disputed portions of the PSI nor filed any written determinations.

The Government argues on appeal that Dunston should have raised these issues during his original sentencing. But the district court, in granting Dunston's section 2255 motion, acknowledged that it had neither literally observed its practice of determining whether Dunston had read the PSI at the original sentencing proceeding nor held an evidentiary hearing to determine the issue.

While *Navaro,* 774 F.2d at 565, precludes remand for written determinations where the district court has explicitly stated that it has not relied upon the contested inaccuracies in a PSI, we do not think that strict application of *Navaro* is warranted here. The district court predicated its assurances of non-reliance on the broad generalization that the information was not the type that the district court routinely relied upon in sentencing.

Although we do not vacate Dunston's sentence today, we find that Dunston is entitled to a remand to the district court so that the court can make specific written determinations as to the disputed information contained in the PSI and forward a copy of its findings and the resentencing transcript to the Parole Commission.

Remanded for written determinations in accordance with this opinion.