**UNITED STATES of America**

v.

**Caroline EKWUNOH, Defendant.**

**No. CR 91–684.**

United States District Court, E.D. New York.

Feb. 23, 1994.

As Amended May 30, 1995.

Zachary Carter by Ilene Jaroslaw, U.S. Atty., Brooklyn, NY, for the Government.

David Wikstrom, New York City, for defendant.

## AMENDED MEMORANDUM AND ORDER

WEINSTEIN, Senior District Judge:

The Court of Appeals has ordered this court to add five years in prison without parole to the five year sentence already imposed on this twenty-eight-year-old female defendant with three children, aged seven, six and five years, for whom she is the sole support and caretaker. *See United States v. Ekwunoh,* 813 F.Supp. 168 (E.D.N.Y.1993) [*Ekwunoh I* ], *rev'd,* 12 F.3d 368 (2d Cir. 1993) [*Ekwunoh II* ]. This mandate will burden taxpayers with many thousands of dollars in added prison expenses.

The matter is particularly pertinent at this time. Much of the difficulty with guideline sentencing and minimum sentences lies not so much in the fault of the legislature or even the Sentencing Commission, but in the decisions of our courts and their self-imposed barriers to justice. *See, e.g., United States v. Concepcion,* 795 F.Supp. 1262, 808 F.Supp. 166, 825 F.Supp. 19 (E.D.N.Y.1992, 1993) (when statute granting discretion rather than guideline applies), *criticized, United States v. Deriggi,* 45 F.3d 713 (2d Cir.1995). At the moment the Second Circuit is making a valiant effort to avoid sleeping in the procrustean bed it made to greet the Guidelines and minimum sentencing drug statutes. *See, e.g., United States v. Anderson,* 15 F.3d 278, 280 (2d Cir.1994) (Oakes, J., "[A]lthough judicial discretion undoubtedly may result in some sentencing disparities, it is also that which enables our courts to fashion individualized sentences essential to just administration of the criminal law."); John M. Walker, Jr., *Loosening the Administrative Handcuffs:* *Discretion and Responsibility Under the Guidelines,* 59 Brook.L.Rev. 551 (1993); Karen R. Smith, *United States v. Johnson: The Second Circuit Overcomes the Sentencing Guidelines Myopic View of "Not Ordinarily Relevant" Family Responsibilities of the Criminal Offender,* 59 Brook.L.Rev. 573 (1993); John M. Walker, *Testimony of the President of the Federal Judges Association before the Subcommittee on Crime and Criminal Justice of the House Judiciary Committee,* July 28, 1993, in 6 Federal Sentencing Reporter 72, 73 ("Mandatory minimums are not only ineffective, but also counterproductive, weapons in the war on crime.").

The Kafkaesque result in the instant case comes from a combination of a lapse of the usual exercise of sound discretion by the United States Attorney to allow a defendant to plead to a five year minimum in a case such as this and from a decision by the Drug Enforcement Agency (the "DEA") to deliver in a suitcase 1,013 grams of heroin instead of the 400 grams swallowed in balloons expected by the defendant. The tendency of the DEA to escalate the size of drug deals by pressing prospective defendants to buy or accept delivery of ever higher quantities of narcotics in what are ironically referred to by it as "reverse buys" is well known. It is usually offset by realistic pleas and sentences by prosecutors and judges. In this instance the system of balances has been ignored to the severe detriment of the defendant, her children and the taxpayers.

### I.  Facts

The defendant was born in Nigeria and came to the United States in 1982 with her husband. Her father was Nigeria's ambassador to England and her mother owns a restaurant. She had a secondary education at St. Anthony's Secondary School and one year of college in Nigeria. She also received extensive training as a member of the Nigerian police force, but policy forced her to withdraw from the force upon her marriage. In this country she bore her three children, fathered by her husband; the children are citizens and she is a "legal alien." She is now separated from her husband and has full

custody and responsibility for support and care of their three children. She sells clothes in Brooklyn and has worked as a home attendant for the elderly. Her lifestyle is modest.

On June 15, 1991, Ms. Ekwunoh was arrested by DEA agents at John F. Kennedy Airport. Pursuant to a telephone request from a male friend in Nigeria, she had met a DEA confidential informant flying in from abroad. The informant was carrying an attache case with 1,013 grams of heroin concealed in its lining. Ms. Ekwunoh and the informant walked to a vehicle parked in the parking lot. She took the attache case from the informant and, without examining it, placed it in the trunk of a vehicle. She was then arrested. At once, she candidly admitted her role. She attempted to cooperate fully to obtain a 5K1.1 letter from the government that would permit a downward departure as well as an agreement to let her plead to a smaller amount of heroin and thus a lower minimum, or no minimum, statutory sentence.

Ms. Ekwunoh testified at the sentencing hearing that she was told to meet a person at the airport and give him $2,000 so that he could take the drugs to Atlanta, Georgia. She also testified that she did not know how much heroin the individual would be carrying. She said that she believed it was going to be around 400 grams because she had seen the person who called her weigh out 400 grams of heroin that he had swallowed and smuggled in previously. She also admitted that she had distributed between 50 and 250 grams of heroin twice a month and that she had over the years assisted in counting and handling drug money.

The government refused to issue a 5K1.1 letter. It was within its right to do so even though defendant's counsel strenuously objected. The government agreed that her "cooperation began auspiciously" and "led to one successful prosecution." Nevertheless, the Assistant United States Attorney and DEA agents noted their "disappointment with her" failure to cooperate fully in making additional cases. Letter from United States Department of Justice to defendant's counsel of Sept. 30, 1992 at 1–2. The court made only a limited inquiry on the issue of cooperation because the government was obviously within its right in refusing a cooperation letter and waiver of minimum sentence statutes.

The trial court is convinced the defendant is telling the truth when she says she thought she was receiving about 400 grams of heroin. She was at all times a candid and credible witness. The court finds that she did not know that the informant was carrying more than one kilogram of heroin, and that a person in the defendant's position could not reasonably have known or reasonably have foreseen that she would be receiving as much as one kilogram of heroin. The burden on the government to prove otherwise by a preponderance or any other standard of proof has not been met. Her testimony that she had been exclusively exposed to small quantities of heroin ranging from 50 to 400 grams, and that she had no reason to suspect she was possessing a greater amount, is consistent with the facts in this and many other cases in the Eastern District of New York.

The defendant pled guilty to a single count of possessing heroin with intent to distribute in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(A)(i). A violation of § 841 subsection (a) involving "1 kilogram or more of a mixture or substance containing detectable amount of heroin" carries a sentence of "a term of imprisonment which may not be less than ten years or more than life." 21 U.S.C. § 841(b)(1)(A)(i). A violation of subsection (a) involving "100 grams or more of a mixture or substance containing a detectable amount of heroin" carries a sentence of "a term of imprisonment which may not be less than 5 years and not more than 40 years." 21 U.S.C. § 841(b)(1)(B)(i).

■ It has been the practice of the United States Attorney in this district to charge relatively low-level drug offenders like the defendant who pled guilty with possession of lower quantities of drugs to avoid unnecessarily high minimum sentences. Had that practice been followed, Ms. Ekwunoh would have been sentenced to either 33 months or 60 months, depending on the plea, instead of the 120 months now required. The United States Attorney, for various reasons, did not

exercise that normal option in this case. This is but one example of the extraordinary power held by the United States Attorney to determine the sentence served by a defendant. *See, e.g.,* Robert G. Morvillo, *More Power to the Prosecutor,* 20 Litigation 19 (1993). The refusal of the government to allow the defendant to plead to a five year count is not reviewable. The decision was, counsel agree, designed to permit the government to hold a heavier club over her head while defendant cooperated. Had she merely pleaded, without agreeing to cooperate, it is clear that she would have been permitted to plead to a five year count.

The statement in the majority opinion of the Court of Appeals, also adopted in the concurring opinion, that a person who "received up to 250 grams twice a month ... [as] a reasonable distributor of heroin in such quantities could not turn a blind eye to the *possibility* that someday she would be handed at one time a one-kilogram cache of heroin for distribution," 12 F.3d at 370 (emphasis added), is not decisive. When drug dealers are working at lower levels of up to 250 grams, it is, based on this court's experience, highly unlikely that, all other considerations being equal, they will be suddenly propelled up the ladder of responsibility and be entrusted with more than a kilogram. *See, e.g.,* Jefferson M. Fish, *Discontinuous Change,* 2 Behavior and Social Issues 59 (1992). What would be reasonable to a theoretical drug dealing Court of Appeals judge or even a district judge is not necessarily reasonable to a real lower-level drug dealer operating out of a store in a Brooklyn ghetto.

## II. Law

The Court of Appeals was "prepared to assume," for the case, that a "defendant may be sentenced only for the quantity of drugs he knew *or* should reasonably have foreseen that he possessed." 12 F.3d at 370 (emphasis added). The "should reasonably have foreseen" phrase of the test presents serious problems in administration. "Reasonably foreseen" requires creation of a model of a reasonable person. Is it a reasonable drug dealer, a reasonable average person on the street without experience in drug dealing, a

reasonable trial judge, or a reasonable appellate judge? Shall the trial court hold a hearing to determine what such a "reasonable" person would do? Or is this finding of reasonableness, as the concurring judge suggested, a "question of law," not fact. 12 F.3d at 371 (Newman, C.J., concurring). If it is a question of law, presumably a varying panel of three appellate judges will in each case tell us after the sentence whether the trial judge guessed correctly in predicting what the Court of Appeals would consider reasonable activity of a drug dealer.

The practical problems with a reasonableness standard, as well as considerations of a system of punishment for what people know they are doing—mens rea—plus a policy of graded sentences that tells criminals that if they must commit a crime, they can reduce their level of punishment by committing a lesser offense (here possession of smaller quantities of heroin), in addition to the principle of lenity, have, in the past, led courts to require actual knowledge or its equivalent, deliberately closing eyes to the facts so it can be claimed that there was no knowledge.

This requirement of mens rea is the bedrock of our system of criminal law except where the legislature plainly requires otherwise for good cause. It was the basis for the recent unexceptional decision of the New York Court of Appeals in *People v. Ryan,* 82 N.Y.2d 497, 605 N.Y.S.2d 235, 626 N.E.2d 51 (1993). The *Ryan* court stated,

> The Legislature has decided that persons who illegally possess larger quantities of controlled substances should be punished more severely; their conduct is more repugnant and presents a greater threat to society. Because drug possession is not a strict liability crime, however, an individual is not deserving of enhanced punishment unless he or she is aware that the amount possessed is greater. A purpose of the knowledge requirement, then, is to avoid over-penalizing someone who unwittingly possessed a larger amount of a controlled substance than anticipated.

*Id.* at 505, 605 N.Y.S.2d 235, 626 N.E.2d 51.

In the district court's *Ekwunoh I* decision the mens rea predicate was touched upon. Earlier the district court had dealt with this

issue at greater length in *United States v. Cordoba–Hincapie*, 825 F.Supp. 485 (E.D.N.Y.1993). In *Cordoba–Hincapie* the district court applied the mens rea principle to the Sentencing Guidelines when the defendants believed they were smuggling cocaine from Columbia when they actually carried heroin. The United States Attorney sensibly did not appeal that decision. *Cf. United States v. Sharp*, 12 F.3d 605 (6th Cir.1993) (finding that the weight of the controlled substance possessed by a defendant is an element of the crime to be determined by the jury, not a sentencing factor to be determined by the judge).

The Court of Appeals in *Ekwunoh II* did concede "on appeal from a sentence the reviewing court must 'accept the findings of fact of the district court unless they are clearly erroneous ...'" 12 F.3d at 370. *Cf. Anderson v. City of Bessemer City*, 470 U.S. 564, 576–77, 105 S.Ct. 1504, 1513, 84 L.Ed.2d 518 (1985) (a district court's factual findings based on the testimony of a witness are entitled to special deference); *Rodgers v. Western–Southern Life Ins. Co.*, 12 F.3d 668, 673 (7th Cir.1993) (same); *United States v. Chhunn*, 11 F.3d 107, 109 (8th Cir.1993) (same); *United States v. Beverly*, 5 F.3d 633, 642 (2d Cir.1993) (same); *Ford v. Gaither*, 953 F.2d 1296, 1298 (11th Cir.1992) (same); *Rodriguez–Morales v. Veterans Admin.*, 931 F.2d 980, 982 (1st Cir.1991) (same); *Newton v. Nat'l Broadcasting Co.*, 930 F.2d 662, 670–71 (9th Cir.1990), *cert. denied*, 502 U.S. 866, 112 S.Ct. 192, 116 L.Ed.2d 152 (1991) (same); *Rabidue v. Osceola Refining Co.*, 805 F.2d 611, 616 (6th Cir.1986), *cert. denied*, 481 U.S. 1041, 107 S.Ct. 1983, 95 L.Ed.2d 823 (1987) (same); *Grove v. First Nat'l Bank of Herminie*, 489 F.2d 512, 515 (3d Cir.1973) (same). The Court of Appeals in *Ekwunoh II* could hardly do less since it never saw the defendant. As Judge Martin recently observed in *United States v. Genao*, 831 F.Supp. 246 (S.D.N.Y.1993), *aff'd*, 43 F.3d 1458 (2d Cir. 1994), "[t]he factual record before the Court clearly demonstrates the injustice that results from a system that has the sentence of a defendant predetermined by people who have never seen the defendant, know nothing of the defendant's background and are unaware of particular factual circumstances of his crime." *Id.* at 247.

■ The burden placed on the government in proving defendant's state of mind is "a preponderance." This is so low and unfair on issues of fact whose resolution may make the difference between probation and ten years in prison that almost every district judge in this circuit applies a sliding scale to critical sentencing issues of fact with a maximum of beyond a reasonable doubt. *See* Comment, *Federal Sentencing Guidelines*, 66 S.Cal.L.Rev. 357 (1992). In the instant case, applying the preponderance standard leads to the conclusion that defendant was not aware, and could not reasonably be aware, that she was carrying more than a kilogram of a mixture containing heroin.

Nevertheless, because the Court of Appeals insists, she is sentenced to 10 years in prison without parole and a supervised release term of five years. Given the mandate of the Court of Appeals, there appear to be no grounds to reduce the fine of $50,000 and the special assessment of $50 which covered all the assets defendant could possibly have had.

■ Both defense counsel and the Assistant United States Attorney seem appalled by this draconian and unnecessary result and agree that a term of less than ten years is desirable. They are willing to so stipulate. Absent a modification of the Court of Appeals order, this court must sentence the defendant to no less than ten years. Accordingly, at the request of counsel for defendant and counsel for the government, this court withholds reimposition of sentence for one month to permit them to apply to the Court of Appeals for amendment of the mandate.

SO ORDERED