UNITED STATES of America

v.

Caroline EKWUNOH, Defendant.

No. CR 91–684 (JBW).

United States District Court,
E.D. New York.

Dec. 9, 1994.

As Amended May 31, 1995.

Zachary Carter, U.S. Atty. by Ilene Jaroslaw, Brooklyn, NY, for Government.

Richard Brewster, New York City, for defendant.

## Amended Memorandum

WEINSTEIN, Senior District Judge:

This case raises two interesting "law of the case" questions. First, after the court of appeals has vacated a sentence and remanded for imposition of a specified mandatory minimum prison term, does a superseding act of Congress relieve the district court of its duty to impose that term? Second, if at the original sentencing and on appeal the issue of proper application of the Federal Sentencing Guidelines was not raised, may the district court, on remand, impose a Guidelines sentence below the term required by the mandate? The answer to both questions is "yes." As indicated below, proper application of the "law of the case" doctrine, as well as of the Guidelines, requires this court to impose not the ten-year prison term specified by the court of appeals but a sentence of time served, some thirty months.

*Facts*

Before her arrest on drug possession charges, Caroline Ekwunoh had full responsibility for the support and care of her three children. She was steadily employed, selling clothes and working part-time as a home attendant. For a more complete discussion of the background of this case, *see United States v. Ekwunoh,* 813 F.Supp. 168 (E.D.N.Y.1993) [*Ekwunoh I* ], *rev'd,* 12 F.3d 368 (2d Cir.1993) [*Ekwunoh II* ], *subsequent memorandum,* 888 F.Supp. 364 (E.D.N.Y. 1994) [*Ekwunoh III* ].

On June 15, 1991, Ms. Ekwunoh, at the request of her boyfriend, met a courier at Kennedy Airport. The courier, who turned out to be a DEA informant, handed her an attache case containing 1,013 grams of heroin. Ms. Ekwunoh placed the case in the trunk of a car without examining its contents. She was then arrested.

Ms. Ekwunoh pled guilty to a single count of possessing heroin with intent to distribute, in violation of 21 U.S.C. § 841(a). At the

sentencing hearing she testified that, based on past dealings, she believed the attache case would contain no more than 400 grams of heroin. She was at all times a candid and credible witness. Her testimony was consistent with the facts in this and many other cases observed by the trial judge.

On the basis of the defendant's testimony, and the court's knowledge of the drug trade within the Eastern District of New York, the court found that Ms. Ekwunoh did not know that the case contained more than 400 grams of heroin; that she believed it would contain no more than 400 grams; and that this belief was reasonable for a person in her position. Mindful of the importance of mens rea to individual defendants and the criminal justice system, the court attributed to Ms. Ekwunoh the quantity of drugs she had believed she had possessed. *See United States v. Cordoba–Hincapie,* 825 F.Supp. 485 (E.D.N.Y. 1993).

At the time of sentencing, the minimum penalty for possession of more than one kilogram of cocaine was ten years' imprisonment, without possibility of parole. 21 U.S.C. § 841(b). A similar offense involving between 100 grams and one kilogram carried a five-year minimum sentence. *Id.* The court sentenced Ms. Ekwunoh to five years' imprisonment, followed by five years' supervised release. *Ekwunoh I,* 813 F.Supp. 168 (E.D.N.Y.1993). The government appealed.

The court of appeals considered only one issue: "[W]hether the district court improperly refused to impose the 10–year mandatory minimum sentence for possession of more than one kilogram of heroin." *Ekwunoh II,* 12 F.3d 368, 369–70 (2d Cir.1993). Though split on whether the issue was one of fact or law, the court of appeals determined that Ms. Ekwunoh should be sentenced for the full amount of heroin in her possession. *Id.* at 371. It ordered "[t]he sentence ... vacated, and the matter ... remanded for resentencing consistent with" its opinion. *Id.*

Upon remand, the government indicated it was willing to stipulate to a shorter sentence. Ms. Ekwunoh petitioned the court of appeals to amend its mandate, based upon what appeared to be a concession by the government

that a ten-year sentence was too harsh. *See Ekwunoh III,* 888 F.Supp. at 368 (E.D.N.Y. 1994) (withholding resentencing pending decision on petition to amend the mandate, at request of both defense and prosecuting attorneys). The court of appeals denied the petition.

On September 13, 1994, Congress enacted the Violent Crime Control and Law Enforcement Act of 1994. H.R. 3355, 103rd Cong., 2d Sess. (1994). The Act contains a "safety valve" provision, effective ten days after passage, limiting application of the statutory minimums to the most serious drug offenders. *Id.* § 80001(a), codified at 18 U.S.C. § 3553(f). The provision permits courts to sentence non-violent drug offenders with minimal criminal histories, who are not organizers and who cooperate with the government, to Guidelines, rather than mandatory minimum, terms. It applies whenever

(1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;

(2) the defendant did not use violence of credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(3) the offense did not result in death or serious bodily injury to any person;

(4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines, and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848; and

(5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

18 U.S.C. § 3553(f). The statute is applicable to sentences imposed after September 23,

1994. *Id.* An amendment to the Sentencing Guidelines repeats the provision essentially verbatim. U.S.S.G. § 5C1.2 (November 1, 1994).

*Applicability of the Safety Valve to Ms. Ekwunoh*

Section 3553(a)(4)(A) of Title 18 directs the district court to apply the version of the Guidelines in effect "on the date the defendant is sentenced." *See also* U.S.S.G. § 1B1.11(a) (same); *United States v. Bermudez,* 974 F.2d 12, 14 (2d Cir.1992) ("on remand, the current Guidelines should be consulted in resentencing" defendant); *United States v. Ziegler,* 39 F.3d 1058, 1064 (10th Cir.1994) (collecting authorities). An exception is made if following current Guidelines would violate the ex post facto clause of Article 1 of the Constitution. *Miller v. Florida,* 482 U.S. 423, 429–35, 107 S.Ct. 2446, 2450–53, 96 L.Ed.2d 351 (1987). However, "[t]he amendment to § 3553 does not ... add anything to any sentence. On the contrary, it provides relief...." *United States v. Singh,* No. 93–931, 1994 WL 510053, at *2, 1994 U.S.Dist. LEXIS 13214, at *6–7 (S.D.N.Y. Sept. 16, 1994).

■ An order vacating a sentence requires the trial court to sentence *de novo.* In *United States v. Maldonado,* 996 F.2d 598, 599 (2d Cir.1993), the court of appeals held that, for purposes of Federal Rule of Criminal Procedure 32, "when a sentence has been vacated, the defendant is placed in the same position as if he had never been sentenced." Vacation by the court of appeals of the original sentence requires a district court to sentence the defendant as if for the first time. *See United States v. Smith,* 930 F.2d 1450, 1456 (10th Cir.) (" 'fully de novo resentencing' is entirely appropriate" after vacation and remand), *cert. denied,* 502 U.S. 879, 112 S.Ct. 225, 116 L.Ed.2d 182 (1991); *United States v. Ekhator,* 853 F.Supp. 630, 634 (E.D.N.Y.1994) (de novo sentence appropriate on remand, given absence of "any authority to the contrary").

■ Under 18 U.S.C. § 3742(f), the court of appeals has the power to vacate a sentence or to remand for additional proceedings with-

out vacating. *Compare Ekwunoh II,* 12 F.3d at 368–69 ("we vacate the district court's judgment and remand for resentencing"), *with Dunston v. United States,* 878 F.2d 648, 650 (2d Cir.1989) (remanding to district court "[a]lthough we do not vacate [defendant's] sentence"); *see also Ekhator,* 853 F.Supp. at 634–35 (analyzing language of court of appeals' sentencing mandates).

■■■ The law of the case doctrine and its corollary, the "mandate rule," pose no obstacle to the application of § 3553(f) in the resentencing of Ms. Ekwunoh. The mandate rule requires a "district court on remand to follow the decision of the court of appeals." *Day v. Moscow,* 955 F.2d 807, 812 (2d Cir.), *cert. denied,* — U.S. ——, 113 S.Ct. 71, 121 L.Ed.2d 37 (1992). When an intervening statute conflicts with the mandate of an appellate court, the statute prevails. In *Banco Nacional de Cuba v. Farr,* 383 F.2d 166, 178 (2d Cir.1967), *cert. denied,* 390 U.S. 956, 88 S.Ct. 1038, 19 L.Ed.2d 1151 (1968), the court recognized that

> courts in applying the law of the case rule have held that a lower court is not bound to follow the mandate of an appellate court if the mandate is, in the interim, affected by an authority superior to the court issuing the mandate. . . .

On this basis, the court held that a Supreme Court mandate must yield to "a subsequently enacted federal statute." *Id.* The court went on to declare that the Constitution would preclude application of the Supreme Court's mandate, since

> [t]he law of the case is . . . only a doctrine of judicial administration based on the practice of the courts, *Messenger v. Anderson,* 225 U.S. 436, 443[, 32 S.Ct. 739, 740, 56 L.Ed. 1152] (1912); *King v. West Virginia,* 216 U.S. 92, 100[, 30 S.Ct. 225, 229, 54 L.Ed. 396] (1910). A federal statute, on the other hand, is an assertion of its constitutional power by Congress and is entitled to respect as the supreme law of the land.

*Id.* (citation form altered). *See also, e.g., United States v. Thomas,* 11 F.3d 732, 736 (7th Cir.1993) (court on remand "permitt[ed] . . . to revisit an issue [after] an intervening change in the law"), *cert. denied,* — U.S. ——, 115 S.Ct. 419, 130 L.Ed.2d 334 (1994); *United States v. Bell,* 5 F.3d 64, 67 (4th Cir.1993) ("a show[ing] that controlling legal authority has changed" creates an exception to the mandate rule) (citation omitted); *United States v. Williams,* 983 F.2d 1070 (6th Cir.1992) ("[I]ntervening change of law . . . militat[es] . . . against the application of the law of the case doctrine."); *Miles v. Kohli & Kaliher Assocs.,* 917 F.2d 235, 241 (6th Cir.1990) (the law of the case "[d]octrine is not an inexorable command . . . and will not preclude reconsideration of issues when . . . there has been an intervening change of law") (citation omitted). *Cf. United States v. Fernandez,* 506 F.2d 1200, 1203 (2d Cir.1974) ("[I]n a case where *Erie* applies, a change in state law must be given effect by a federal court, *even if that means changing the law of the case.*") (emphasis added).

■■■ Ms. Ekwunoh is eligible for relief from the mandatory minimum provision, of § 841(b) if she meets the five criteria of § 3553(f). The court finds that she does. Caroline Ekwunoh has no criminal history points. She did not use violence or threats of violence or possess a firearm or other dangerous weapon. Her offense did not result in death or bodily injury. She was not an organizer, leader, manager or supervisor of others in the offense, and she was not engaged in a continuing criminal enterprise under 21 U.S.C. § 848. Finally, she has provided to the government all information and evidence that she was asked to provide. Consequently, the court must avoid the former mandatory minimum sentence of ten years and must sentence Ms. Ekwunoh pursuant to the Guidelines.

*Guidelines Sentence*

Under the Sentencing Guidelines, the base level for possession of 1,013 grams of heroin is 32. In its original sentencing memorandum, 813 F.Supp. at 179, this court found that Ms. Ekwunoh was a "minimal participant" operating under the domination of her boyfriend, and deducted four points. *See* § 3B1.2(a) It also found that Ms. Ekwunoh has accepted responsibility for her acts, and deducted three additional points. *See*

§ 3E1.1(b). No information has come to light that would cause the court to modify these findings.

■ The passage of time leads the court to make additional findings that require reduction of Ms. Ekwunoh's sentence. As an initial matter, it should be noted that "the law of the case" doctrine does not prevent the court from making findings on questions not considered by the court of appeals. *See United States v. Minicone,* 994 F.2d 86, 89 (2d Cir.1993) ("[I]f an issue was not part of the appellate decision, a trial court may consider the matter" on remand); *United States v. Uccio,* 940 F.2d 753, 757 (2d Cir.1991) (mandate rule has "no applicability" to issues not decided by appellate court).

■ There is ample authority permitting a court to weigh at a resentencing factors it had either considered or chosen not to consider at the initial sentencing proceeding. *See, e.g., United States v. Sanchez Solis,* 882 F.2d 693, 699 (2d Cir.1989) ("[I]n the interests of truth and fair sentencing a court should be able on a sentence remand to take new matter into account on behalf of either the Government or the defendant."). *See also Uccio,* 940 F.2d at 757 (district court not barred from reconsidering a sentencing ruling, on remand, if its original ruling on the issue had not been before the appellate court); *cf. United States v. Connell,* 6 F.3d 27, 31 (1st Cir.1993) (district court retains "substantial latitude ... in deciding whether to rethink matters previously set to rest"). Neither of the two issues considered below—defendant's family ties and the effect of the sentencing system on her state of mind—was previously considered by this court *or* the court of appeals. *See Ekwunoh II,* 12 F.3d at 369 (describing "[t]he only issue on appeal").

a) Family ties

Caroline Ekwunoh is the sole support of her three young children, who ranged in age from five to eight at the time of her arrest, and who are now eight, nine and eleven. At her resentencing on November 28, 1994, Ms. Ekwunoh described the emotional difficulties of her oldest child—difficulties inextricably linked to her incarceration.

■ Under the Sentencing Guidelines, the court may consider family ties. The Sentencing Commission's view that family ties "are not ordinarily relevant" appears in a policy statement, U.S.S.G. § 5H1.6 (November 1, 1994). Policy statements do not have the force of Guidelines. *United States v. Johnson,* 964 F.2d 124, 129 (2d Cir.1992) ("If the Commission had intended an absolute rule that family circumstances may never be taken into account in any way, it would have said so."). *See also United States v. Sharpsteen,* 913 F.2d 59, 63 (2d Cir.1990) (sentencing judge had "authority under the Guidelines to depart downwardly in view of defendant's family ties and responsibilities"); *cf.* U.S.S.G. § 5H1.10 (proscribing consideration of race as a sentencing factor).

■ In *Johnson,* the Second Circuit approved a large deduction so that the defendant would be available to care for her dependents.

> The rationale for [the] departure ... is not that [the defendant's] family circumstances decrease her culpability, but that we are reluctant to wreak extraordinary destruction on dependents who rely solely on the defendant for their upbringing.... The departure was not on behalf of the defendant herself, but on behalf of her family.

964 F.2d at 129.

The same considerations apply to Ms. Ekwunoh. That the continued destruction of her children is likely to result from the defendant's further incarceration justifies a thirteen-point reduction.

b) The effect of the legal system on Ms. Ekwunoh's state of mind.

■ At her resentencing, it was evident that four years of litigation and two-and-one-half years of incarceration had taken a severe toll on Caroline Ekwunoh. Once a prepossessing, articulate woman, she was at her November 28 appearance emaciated, inarticulate, with a visible tic and an expression that can only be described as a permanent cringe. Due to the labyrinthine operations of the sentencing system, this mother of three

has faced ongoing uncertainty and dashed hopes for more than two years.

First, the appeals process held over her head the possibility that her sentence would be increased from five years to ten, meaning her children would be young adults before she was released. That fear was nearly realized by the court of appeals' decision, and would have been had it not been for Congress' passage of the "safety valve"—passage that was uncertain until the eleventh hour. *See, e.g.,* Naftali Bendavid, *Prosecutors Draw Fire for Crime Lobbying,* N.J. L.J., Sept. 5, 1994 (describing last minute efforts by association of federal prosecutors to weaken "safety valve" provision). Subsequently, her hopes were raised by the petition to amend the mandate, which, given the government's cooperation, she had reason to believe the court of appeals might grant. *See Ekwunoh III,* 888 F.Supp. at 368 (describing cooperation of government and defense counsel). The court of appeals denied the petition.

It is not surprising that this process would seriously damage the defendant's psyche. For a finding that an analogous situation rises to the level of a violation of human rights, see the opinion of the European Court of Human Rights, *Soering v. United Kingdom,* 11 E.H.R.R. 439 (July 7, 1989) (LEXIS, Europe library, Cases file), holding that to extradite a German citizen to the United States for trial on a capital crime would violate the European Convention for the Protection of Human Rights and Fundamental Freedoms, not because of the possibility of a death sentence, but because the years spent on death row, as legal proceedings ground on, were tantamount to torture. *Id.* at ¶ 86 (citing Article 3 of the 1984 United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment). In so finding, the European court described one form of torture as that kind of treatment that "arouse[s] in [its] victims feelings of fear, anguish and inferiority capable of humiliating and debasing them and possibly breaking their physical or moral resistance." *Id.* at ¶ 100 (citing *Ireland v. United Kingdom,* 2 E.H.R.R. 25, at ¶ 167).

The treatment of Caroline Ekwunoh by the criminal justice system has added dramatically to the stress already inherent in her incarceration. These effects warrant a concurrent thirteen-point departure.

Either thirteen-point reduction brings Ms. Ekwunoh's offense level to 19, requiring a sentence of between 30 and 37 months. Having already been incarcerated for 30 months, Caroline Ekwunoh is sentenced to time served, plus five years' supervised released and a $50 assessment.

SO ORDERED.