**UNITED STATES of America,**
**Appellee,**

v.

**Kenneth KING, a/k/a Bucky,**
**Defendant–Appellant.**

**Docket No. 02–1460.**

United States Court of Appeals,
Second Circuit.

Argued June 23, 2003.

Decided Sept. 17, 2003.

Barry D. Leiwant, The Legal Aid Society, Federal Defender Division, New York, NY, for defendant-appellant.

Jo Ann Navickas, Assistant United States Attorney (Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Peter A. Norling, Assistant United States Attorney, on the brief), Brooklyn, NY, for appellee.

Before: WALKER, Chief Judge, STRAUB and POOLER, Circuit Judges.

## PER CURIAM

Appellant Kenneth King appeals from a judgment of the United States District Court for the Eastern District of New York (Sterling Johnson, Jr., *District Judge*), convicting him following a jury trial of possessing with intent to distribute an amount of cocaine base in excess of five grams in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(B), and sentencing him principally to a term of imprisonment of 120 months. On appeal, King argues that under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the government was required to prove to the jury beyond a reasonable doubt that he knew the type and quantity of narcotics involved in his offense, and that the district court erred in failing to hold the government to that burden. We affirm the judgment of conviction.

## BACKGROUND

In November 1999, King was arrested after a "buy and bust" operation in the Flatbush neighborhood of Brooklyn, New York, in which King sold cocaine base to an undercover detective. On May 12, 2000, a grand jury indicted King, charging that he "knowingly and intentionally possess[ed] with intent to distribute a substance containing cocaine base ... in an amount of 5 grams or more," in violation of 21 U.S.C. § 841. At trial, King requested that the court instruct the jury that the government was required to prove beyond a reasonable doubt that the defendant knew he possessed five grams or more of cocaine base, an instruction that would effectively apply the scienter requirement under § 841(a) to the specific penalty provision set forth in § 841(b)(1)(B).

The district court rejected this request and instead instructed the jury that "the government must prove beyond a reasonable doubt ... that the defendant knew that he possessed a controlled substance," and that "the offense ... involved the type and quantity of drug charged in the indictment" (*i.e.*, five grams or more of cocaine base). The court further explained that the jury "need not decide whether the defendant knew the type or quantity of the drug alleged in the indictment." The jury found King guilty of possession with intent to distribute crack cocaine, and further found that King's offense involved five grams or more of cocaine base.

The Presentence Investigation Report ("PSR") prepared by the probation office calculated King's offense level at 28 which, at criminal history category III, resulted in a guidelines range of 97 to 121 months. However, because 21 U.S.C. § 841(b)(1)(B) mandates a minimum sentence of 10 years imprisonment for individuals who, like King, previously have been convicted for a felony drug offense and who are convicted of a crime involving five grams or more of cocaine base, the PSR recommended a sentence of 120 months. The district court agreed with the recommendation and sentenced King principally to 10 years imprisonment.

## DISCUSSION

King contends that the constitutional principles the Supreme Court announced three years ago in *Apprendi* have cast doubt on this Court's precedent establishing that the sentencing enhancements provided in § 841(b) are imposed regardless of the defendant's state of mind concerning the type or quantity of drugs in his possession. *See United States v. Collado–Gomez*, 834 F.2d 280 (2d Cir.1987) (per curiam) (government need not prove that defendant knew specific nature or amount

of controlled substance in prosecution under 21 U.S.C. § 841); *United States v. Pineda*, 847 F.2d 64 (2d Cir.1988) (per curiam) (imposition of 10 year minimum sentence provided in § 841(b)(1)(A) for distribution of 5 grams or more of cocaine does not require defendant to know the amount of cocaine involved). We write to clarify that neither *Apprendi* nor any other precedent has altered this well-settled principle.

King's argument that *Apprendi* required the district court to instruct the jury that he knew the quantity and type of drugs underlying his conviction is fatally flawed for several reasons. First, *Apprendi*'s requirement that factors related to sentencing be submitted to the jury and proved beyond a reasonable doubt applies only when the factors in question "increase[s] the penalty for a crime beyond the prescribed statutory maximum ...." *Apprendi*, 530 U.S. at 490, 120 S.Ct. 2348. King contends that *Apprendi*'s heightened requirements apply when, as here, the drug quantity and type lead to the imposition of a statutory minimum sentence. Circuit and Supreme Court precedent make clear that imposition of a mandatory minimum sentence that does not exceed the otherwise applicable statutory maximum does not trigger *Apprendi*'s requirements. In *Harris v. United States*, 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002), the Court rejected the argument that imposition of a mandatory minimum sentence for brandishing a firearm in violation of 18 U.S.C. § 924(c)(1)(A)(ii) ran afoul of *Apprendi*. Relying on *Harris*, in *United States v. Luciano*, 311 F.3d 146, 152–54 (2d Cir.2002), we rejected the defendant's argument that the jury was required to find the factors—drug type and quantity—that triggered the statutory minimum sentence provided in § 841(b)(1)(A). Although *Luciano* in-

volved an appeal from the denial of a petition filed pursuant to 28 U.S.C. § 2255 rather than a direct appeal, its analysis of the inapplicability of *Apprendi* in cases involving § 841(b)'s mandatory minimum sentencing requirements is apposite to the instant case.

■ In *Luciano,* we concluded that imposition of a statutory minimum sentence under § 841(b) is proper even absent compliance with the indictment and jury determination requirements of *Apprendi* as long as the sentence does not exceed the otherwise applicable statutory maximum that the defendant faced for an indeterminate type and amount of narcotics. *See id.* at 153. For a defendant with a prior drug felony conviction, § 841 authorizes a maximum sentence of 30 years for a conviction based on an indeterminate quantity of narcotics. *See* 21 U.S.C. § 841(b)(1)(C). In this case, King, who has a prior drug felony conviction, was sentenced to 10 years imprisonment for a violation of § 841; his sentence did not exceed the statutory maximum sentence that could have been imposed absent a finding of drug quantity or type, and thus did not implicate *Apprendi.*

In apparent disregard for the authority of *Harris* and *Luciano,* King suggests that under our analysis in *United States v. Thomas,* 274 F.3d 655 (2d Cir.2001) (en banc), drug quantity and type are considered elements of a § 841 violation, rather than "sentencing factors," and hence must be presented to a jury and proven beyond a reasonable doubt. King misconstrues *Thomas* to suggest that, regardless of whether the sentence imposed exceeds the statutory maximum for a violation involving an indeterminate quantity of drugs, drug quantity and type are now "elements." *See, e.g., id.* at 663–64 ("Our holding that drug quantity is an element of a § 841 offense does not preclude a district

court from considering drug quantity in determining a defendant's relevant conduct for sentencing purposes ... in cases where quantity is not charged in the indictment or found by the jury, so long as the resulting sentence does not exceed the statutory maximum.") (citation and footnote omitted). Such a distortion of *Thomas* cannot be squared with that opinion's clear holding that *Apprendi*'s protections apply only where the sentence imposed exceeds the statutory maximum. *See id.* at 664 ("The constitutional rule of *Apprendi* does not apply where the sentence imposed is not greater than the prescribed statutory maximum ....").

■ King also argues that, when read in conjunction with *Apprendi,* the Supreme Court's decisions in *United States v. X–Citement Video, Inc.,* 513 U.S. 64, 115 S.Ct. 464, 130 L.Ed.2d 372 (1994), and *Staples v. United States,* 511 U.S. 600, 114 S.Ct. 1793, 128 L.Ed.2d 608 (1994), have somehow undermined the settled principle that a conviction under § 841 rests squarely on the knowing possession of some quantity of illegal drugs (and not the knowledge of type and quantity). Even if *Apprendi* applied in the instant case, which it does not, neither *Apprendi, X–Citement,* nor *Staples* require the district court to apply the scienter requirements contained in § 841(a) to the sentencing factors contained in § 841(b).

"The language of the statute [is] the starting place [for any] inquiry" into a criminal statute's *mens rea* requirements, *Staples,* 511 U.S. at 605, 114 S.Ct. 1793 (citations omitted), and in this case the language of § 841 clearly conveys Congress's intent to subject drug dealers to the enhancements provided in § 841(b) regardless of their awareness of drug type and quantity. *See Collado–Gomez,* 834 F.2d at 281. Section 841 is divided into several separate provisions, the first

of which addresses the substantive elements of the offense, and the second of which separately addresses factors that lead to an enhanced sentence. *See* 21 U.S.C. §§ 841(a) & (b). Only § 841(a) contains a *mens rea* requirement: The trier of fact must determine that the defendant "knowingly or intentionally" manufactured, distributed, dispensed, or possessed with intent to distribute a schedule I or II controlled substance. 21 U.S.C. § 841(a)(1). Section 841(b) contains no *mens rea* requirement and is drafted as an independent provision—one need not read subsection (a) in order for subsection (b) to be grammatically coherent. In short, the structure and language of § 841 clearly indicates that the terms "knowingly or intentionally" in § 841(a) modifies the conduct set forth in that sub-section of the statute, and not the penalty provisions in § 841(b).

 Under some circumstances courts will depart from the plain language of the statute and will impute a *mens rea* requirement into a criminal statute (or apply the *mens rea* from one portion of a criminal statute to another). *See, e.g., X-Citement Video,* 513 U.S. at 71; *Staples,* 511 U.S. at 619, 114 S.Ct. 1793. However, none of those circumstances exist in this case. First, this is not a situation where a traditional common law offense has been codified without inclusion of a *mens rea* element, warranting imputation of a *mens rea* element from the common law. *See, e.g., Morissette v. United States,* 342 U.S. 246, 262, 72 S.Ct. 240, 96 L.Ed. 288 (1952). Second, because § 841(a) contains a *mens rea* element there is no risk that, absent a requirement that the defendant knew the quantity and type of narcotics involved in the offense, his apparently innocent conduct will be criminalized. *See X-Citement Video,* 513 U.S. at 71, 115 S.Ct. 464; *Liparota v. United States,* 471 U.S. 419, 426,

105 S.Ct. 2084, 85 L.Ed.2d 434 (1985). For the same reason, there is no risk that a defendant convicted under § 841 will incur a relatively severe penalty provided in the statute absent a sufficiently culpable mental state. *See X-Citement Video,* 513 U.S. at 72, 115 S.Ct. 464. Accordingly, we find no basis for disturbing the settled principle that drug dealers convicted under § 841(a) need not know the type and quantity of drugs in their possession in order to be subject to sentencing enhancements contained in § 841(b). In so holding, we join all of the courts of appeals that have considered this issue after the Court announced its decision in *Apprendi. See United States v. Gamez-Gonzalez,* 319 F.3d 695, 700 (5th Cir.), *cert. denied,* —— U.S. ——, 123 S.Ct. 2241, 155 L.Ed.2d 1126 (2003); *United States v. Carranza,* 289 F.3d 634, 644 (9th Cir.), *cert. denied,* 537 U.S. 1037, 123 S.Ct. 572, 154 L.Ed.2d 458 (2002); *United States v. Collazo-Aponte,* 281 F.3d 320, 326 (1st Cir.), *cert. denied,* 537 U.S. 869, 123 S.Ct. 275, 154 L.Ed.2d 117 (2002); *United States v. Barbosa,* 271 F.3d 438, 458 (3d Cir.2001); *United States v. Carrera,* 259 F.3d 818, 830 (7th Cir.2001); *United States v. Garcia,* 252 F.3d 838, 844 (6th Cir.2001); *United States v. Sheppard,* 219 F.3d 766, 769 (8th Cir.2000).

We have considered King's other arguments and find them to be without merit.

## CONCLUSION

For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.