148

**UNITED STATES of America,
Appellee,**

v.

**George OTIBU, et al., Defendants,**

**PAA SMITH Defendant–Appellant.**

**Nos. 03–1040, Con. (02–1615 L).**

United States Court of Appeals,
Second Circuit.

Nov. 10, 2003.

Charles D. Adler, Goltzer & Adler, New York, New York, for Appellant.

Jonathan R. Streeter, Assistant United States Attorney, Southern District of New York (James B. Comey, United States Attorney; Marcus A. Asner, Adam B. Siegel, Assistant United States Attornies, on the brief), New York, New York, for Appellee.

Present: FEINBERG, KEARSE, and RAGGI, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the district court's judgment of conviction entered January 22, 2003, is AFFIRMED.

Defendant–Appellant Paa Smith, who was convicted after a jury trial of conspiracy to distribute one kilogram or more of a substance containing heroin, *see* 21 U.S.C. §§ 841(a)(1) & (b)(1)(A) and 846, and distribution and possession with intent to distribute one kilogram or more of heroin, *see* 21 U.S.C. § 841(a)(1) & (b)(1)(A), now appeals from the judgment of conviction sentencing him to concurrent terms of 121 months' imprisonment and five years' supervised release.

Smith argues on appeal, as he did before the district court, that *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *United States v. Thomas,* 274 F.3d 655 (2d Cir.2001) (en banc), required the government to prove beyond a reasonable doubt not simply that the type and quantity of controlled substance involved in Smith's crime consisted of one kilogram or more of heroin, but that Smith had actual knowledge of that type and quantity as a necessary element to any sentence pursuant to 21 U.S.C. § 841(b) (establishing sentences for controlled substances identified in the schedules established in 21 U.S.C. § 812). Because the jury, in response to interrogatories, specifically found that Smith did not know or reasonably foresee that the drug involved in his crimes was heroin, Smith submits that his sentence could not lawfully exceed the one-year maximum for simple possession of an unscheduled controlled substance pursuant to 21 U.S.C. § 844.

This Circuit's precedent has long held that a defendant's state of mind is not determinative for purposes of applying the sentencing enhancements provided in 21 U.S.C. § 841(b). *See United States v. Collado–Gomez,* 834 F.2d 280, 281 (2d Cir. 1987) (per curiam); *accord United States v. Pineda,* 847 F.2d 64, 65 (2d Cir.1988) (per curiam). In *United States v. King,*

345 F.3d 149, 150–51 (2d Cir.2003), we recently ruled "that neither *Apprendi* nor any other precedent has altered this well-settled principle," thereby rejecting an argument identical to the one Smith here advances. Because *King*'s holding—that a defendant "convicted under § 841(a) need not know the type and quantity of drugs in [his] possession in order to be subject to sentencing enhancements contained in § 841(b)," *id.* at 152–53—controls this appeal, we hereby AFFIRM the district court's judgment of conviction.