**UNITED STATES of America,**
**Appellee,**

**v.**

**John CASTRILLON and Jose Martinez**
**Defendants–Appellants.**

**Docket Nos. 02–1319(L), 02–1371(XAP),**
**02–1367(CON), 02–1406(CON).**

United States Court of Appeals,
Second Circuit.

Argued: July 12, 2004.

Decided: July 14, 2004.

Preetinder Bharara, Assistant United States Attorney (David N. Kelley, United

States Attorney, Southern District of New York, on the brief, Adam B. Siegel, of counsel), for Appellee.

Roy R. Kulcsar, New York, NY, for Defendant–Appellant Castrillon.

Maurice H. Sercarz, New York, NY, for Defendant–Appellant Martinez.

Before: CALABRESI and SOTOMAYOR Circuit Judges, and BERMAN, District Judge.*

PER CURIAM.

Defendants–Appellants John Castrillon and Jose Martinez were convicted of conspiring to distribute and possess with intent to distribute more than one kilogram of heroin in violation of 21 U.S.C. §§ 841(b)(1)(A), 846. The district court (Stein, *J.*) sentenced each defendant to 120 months' imprisonment. Appealing their convictions and sentences, Defendants claim that the district court failed to instruct the jury that, in order to convict them of narcotics conspiracy, the jury must find that the defendants knew, or could reasonably foresee, that the conspiracy involved the distribution of more than one kilogram of heroin. Defendants also claim that the district court erred in submitting to the jury a joint verdict sheet, thereby preventing the jury from rendering individual verdicts for each of the defendants as to the quantity individually possessed or foreseen.

■ Defendants' arguments fail for a number of reasons. With respect to their convictions, the criminal statutes under which they were charged would permit conviction for any quantity found. *See United States v. King,* 345 F.3d 149, 151 (2d Cir.2003); *United States v. Richards,*

302 F.3d 58, 68 (2d Cir.2002). But, in any event, the jury did find Castrillon and Martinez in joint possession of more than one kilogram of heroin, and where each defendant was actually in possession, foreseeability of the amount possessed is not needed because actual knowledge of the amount is assumed. *See United States v. Chalarca,* 95 F.3d 239, 243 (2d Cir.1996); *United States v. de Velasquez,* 28 F.3d 2, 6 (2d Cir.1994). We note in passing that *Blakely v. Washington,* —— U.S. ——, 124 S.Ct. 2531, 158 L.Ed.2d 974 (2004), does not alter our prior caselaw holding that a defendant need not know the type or quantity of drugs when he is in direct possession of them as part of a conspiracy.

■ Moreover, because the sentences of both Castrillon and Martinez fell within the maximum penalty allowed by statute and because, given the jury's findings, the sentences also fell within the prescribed sentencing range in the United States Sentencing Guidelines, the sentences do not implicate any issues raised in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) or *Blakely,* 124 S.Ct. 2531, 158 L.Ed.2d 974. *See United States v. Thorn,* 317 F.3d 107, 124 (2d Cir.2003); *United States v. Thomas,* 274 F.3d 655, 663–64 (2d Cir.2001).

For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.

---

* The Honorable Richard M. Berman, United States District Court for the Southern District of New York, sitting by designation.