**UNITED STATES of America,**
**Appellee,**

v.

**Jaime BEDOYA–CANO, Defendant–Appellant.**

**No. 04–3364–CR.**

United States Court of Appeals,
Second Circuit.

March 30, 2005.

Jonathan Svetkey, Watters & Svetkey, LLP, New York, NY, for Appellant.

Harry A. Chernoff, Assistant United States Attorney, Southern District of New York, New York, NY, (David N. Kelley, United States Attorney, and Karl Metzner, Assistant United States Attorney, on the brief), for Appellee.

PRESENT: MESKILL, JACOBS, and STRAUB, Circuit Judges.

*SUMMARY ORDER*

Jaime Bedoya–Cano appeals from a judgment entered on June 15, 2004 in the United States District Court for the Southern District of New York (Rakoff, *J.*), convicting him by guilty plea of one count of conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin, and one count of attempt to distribute and possess with intent to distribute approximately 2.5 kilograms of heroin, in violation of 21 U.S.C. §§ 812; 841(a)(1), (b)(1)(A); and 846. Bedoya–Cano was sentenced to 135 months' imprisonment, five years' supervised release, and a $200 special assessment.

1. Aside from any error under *United States v. Booker*, —— U.S. ——, ——, 125 S.Ct. 738, 756, 160 L.Ed.2d 621 (2005), there was no error in the district court's application of a three-level supervisory role enhancement to Bedoya–Cano's Guidelines offense level. *United States v. Payne*, 63 F.3d 1200, 1212 (2d Cir.1995).

In so ruling, we say nothing about whether Bedoya–Cano's Guidelines sentence is reasonable under *Booker. See* —— U.S. at —— – ——, 125 S.Ct. at 765–66.

2. To the extent that Bedoya–Cano claims that, aside from any error under *Booker*, his sentence violated *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), this argument is without merit. *See United States v. King*, 345 F.3d 149, 151–52 (2d Cir.2003) (no *Apprendi* violation where given sentence does not exceed 240–month statutory maximum under 21 U.S.C. § 841(c)).

This case is REMANDED for further proceedings consistent with this Court's opinion in *United States v. Crosby*, 397 F.3d 103 (2d Cir.2005).