**UNITED STATES of America,**
**Appellee,**

v.

**Jaime BEDOYA–CANO, also known**
**as Jaime Bedoya, Defendant–**
**Appellant.**

No. 05–3536–cr.

United States Court of Appeals,
Second Circuit.

June 14, 2006.

Jonathan Svetkey, Watters & Svetkey, LLP, New York, NY, for Appellant.

Harry A. Chernoff, Assistant United States Attorney, New York, NY, (Michael J. Garcia, United States Attorney for the Southern District of New York, on the brief; Celeste L. Koeleveld, Assistant United States Attorney, of counsel), for Appellee.

PRESENT: Hon. CHESTER J. STRAUB, Hon. SONIA SOTOMAYOR, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Defendant Jaime Bedoya–Cano appeals from an order entered by United States District Court for the Southern District of New York (Jed. S. Rakoff, *Judge*), denying his motion for resentencing following remand from this Court pursuant to *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005). *See United States v. Bedoya–Cano*, 124 Fed.Appx. 72 (2d Cir.2005). Bedoya–Cano pled guilty to one-count of conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin, and one count of attempting to distribute and possess with intent to distribute approximately 2.5 kilograms of heroin, in violation of 21 U.S.C. §§ 812; 841(a)(1), (b)(1)(A); and 846. The District Court sentenced Bedoya–Cano principally to 135 months' imprisonment, five years' supervised release, and a $200 special assessment. We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

Bedoya–Cano reiterates his argument from his first appeal that his guilty plea violated *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because he admitted knowing neither the type of drug nor the quantity he was charged with possessing. We addressed this issue in Bedoya–Cano's first appeal and held that it was meritless. *See Bedoya–Cano*, 124 Fed.Appx. at 73 (relying on *United States v. King*, 345 F.3d 149, 151–52 (2d Cir.2003)). Bedoya–Cano now urges that we revisit this issue in light of our decision in *United States v. Gonzalez*, 420 F.3d 111 (2d Cir.2005). In *Gonzalez*, we held that "drug quantity is an element that must always be pleaded and proved to a jury or admitted by a defendant to support conviction or sentence on an aggravated offense under § 841(b)(1)(A) or -(b)(1)(B)." *Id.* at 131.

■ Because Bedoya–Cano waived this argument below, we need not resolve whether his plea violates *Apprendi*. During the plea hearing, the District Court

58

expressed its concern that the plea might not be valid because Bedoya–Cano had not admitted the drug type or amount. Indeed, the District Court engaged in an extended dialogue with the government concerning whether the plea could be accepted. After reviewing our decision in *King,* the District Court indicated that it was inclined to accept the plea as valid absent any further argument from defense counsel. Defense counsel responded: "Judge, after hearing what the Court has said and conferring with my client, he stands by his allocution and the plea he's taken." The District Court specifically asked defense counsel the following:

> So, are you in agreement that in order to plead guilty to a conspiracy to distribute one kilogram and more of heroin, your client need not allocute nor otherwise be shown as part of the plea to have known that the drug he was unlawfully distributing was heroin or that the amount he was unlawfully distributing was one kilogram or more, as long as he knew that he was distributing an unlawful drug, and that he knew it was in ... a significant amount?

Defense counsel agreed. This constitutes the "intentional relinquishment or abandonment of a known right" and is, therefore, not appealable. *See United States v. Olano,* 507 U.S. 725, 733, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (citations and internal quotation marks omitted); *id.* at 734, 113 S.Ct. 1770 (holding that intentional waiver unlike the mere "failure to make the timely assertion of the right" necessarily "extinguish[es]" a claim altogether and prevents even plain error review); *United States v. Yu–Leung,* 51 F.3d 1116, 1121 (2d Cir.1995). Accordingly, we hold that Bedoya–Cano has waived this argument and may not now complain that the District Court sentenced him in violation of *Apprendi.*

■ Bedoya–Cano also contends that his sentence of 135 months is substantively unreasonable in light of the factors listed in 18 U.S.C. § 3553(a). Specifically, Bedoya–Cano urges that his sentence is unreasonable because this is his first offense, he has substantial family support, and he has had no disciplinary problems while incarcerated. As these factors are present in an extraordinary number of cases involving narcotics, we cannot find that any of them individually or even together in the aggregate renders his sentence unreasonable.

■ Bedoya–Cano's final claim is that his sentence is unreasonable because others involved in the conspiracy received shorter sentences. This argument is meritless as section 3553(a)(6) only prohibits "*unwarranted* sentence disparities among defendants ... who have been found guilty of similar conduct." § 3553(a)(6) (emphasis added). Given the facts admitted by Bedoya–Cano and those detailed in the Pre-Sentence Report, Bedoya–Cano and his co-defendants were not similarly situated due to their lesser roles in the conspiracy. *See United States v. Fernandez,* 443 F.3d 19, 32 (2d Cir.2006) (assuming, as we do here, that section 3553(a)(6) could support a reduced sentence for a disparity between co-defendants). Indeed, the District Court found that Bedoya–Cano uniquely deserved a lengthy sentence: "[T]he simple fact of the matter was that I was fully convinced then, as I am now, that the defendant played a more serious role than anything he ever developed and that he was a sufficiently important person in an extended narcotics distribution chain, that serious punishment even beyond the Guideline minimum is called for." In light of the District Court's full and reasoned consideration of the section 3553(a) factors and the specific facts of this case, we cannot say that the District Court "exceeded

the bounds of allowable discretion" by sentencing Bedoya–Cano at the middle of the Guideline range. *See Fernandez,* 443 F.3d at 27 (internal quotation marks omitted). Accordingly, Bedoya–Cano's sentence is reasonable.

For the foregoing reasons, the judgment of the District Court is hereby **AFFIRMED.**