**UNITED STATES of America,**
**Appellee,**

v.

**Michael WADE, Defendant,**

**Michael Crouse, Defendant–Appellant.**

**No. 05–5290–cr.**

United States Court of Appeals,
Second Circuit.

Feb. 21, 2007.

Jesse M. Siegel, Law Office of Jesse M. Siegel, Esq., New York, New York, for Defendant–Appellant.

Elizabeth S. Riker, Assistant United States Attorney (Ransom P. Reynolds, Assistant United States Attorney; Glenn T. Suddaby, United States Attorney for the Northern District of New York, on the brief), United States Attorney's Office for the Northern District of New York, Syracuse, New York, for Appellee.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. GUIDO CALABRESI, Circuit Judge, Hon. RICHARD M. BERMAN, District Judge.[*]

### SUMMARY ORDER

Defendant Michael Crouse appeals from a judgment of conviction entered on September 29, 2005 in the U.S. District Court for the Northern District of New York (Munson, J.). We assume the parties' familiarity with the underlying facts and procedural history.

Crouse frames the issues presented as:

[*] The Honorable Richard M. Berman, United States District Court for the Southern District of New York, sitting by designation.

[1] "Whether the district court's error in refusing to instruct the jury that defendant must be shown to have known (or reasonably foreseen) what type of drug he was charged with conspiring to distribute under 21 U.S.C. § 846 was harmful."

[2] "Whether the substantive federal drug trafficking statute, 21 U.S.C. § 841, is properly interpreted to require the government prove beyond a reasonable doubt that defendant knew or had reason to know of the nature of the controlled substance he possessed in order to support a conviction."

[3] "Whether the jury's verdict on Count Four of the Indictment was based on insufficient evidence."

■ ■ Crouse neglects a relevant passage in the instruction:

The Government bears the burden of proving beyond a reasonable doubt that the conspirators intended to distribute the amount of illegal drugs charged in the indictment. Once you have determined the total quantity of methamphetamine, if any, involved in the conspiracy, you must decide the quantity attributable to the defendant you find guilty of being involved in the conspiracy. In essence, *you must make a determination as to the amount of methamphetamine he knew or reasonably could have foreseen as being involved in the conspiracy. ...*

(emphasis added). Because the district court did, in fact, "instruct the jury that defendant must be shown to have known (or reasonably foreseen) what type of drug he was conspiring to distribute," there is no premise for the claim of error. In any event, because Crouse personally and di-

rectly participated in a jointly undertaken drug transaction, such an instruction was unnecessary. *See United States v. Castrillon*, 376 F.3d 46, 47 (2d Cir.2004) ("[A] defendant need not know the type or quantity of drugs when he is in direct possession of them as part of a conspiracy."); *see also United States v. Chalarca*, 95 F.3d 239, 243 (2d Cir.1996) ("[T]he quantity of drugs attributed to a defendant need not be foreseeable to him when he personally participates, in a direct way, in a jointly undertaken drug transaction."); *United States v. Pico*, 2 F.3d 472, 475–76 (2d Cir.1993) (same).

■ For the purposes of Count Four, the district court also instructed the jury that it had to determine the amount of methamphetamine attributable to Crouse: "If you find the defendant guilty on Counts 1 or 4, you must determine, in accordance with the instructions I have just given you, the quantity of methamphetamine, if any, the defendant is responsible for." As indicated on the special verdict form, the jury found that "the total weight of the mixtures or substances containing methamphetamine for this count [Count Four] was more than 50 grams."

A defendant need only be aware that he possessed " 'some controlled substance' " in order to be convicted under 21 U.S.C. § 841(a). *United States v. Roberts*, 363 F.3d 118, 123 n. 1 (2d Cir.2004) (quoting *United States v. Morales*, 577 F.2d 769, 773 (2d Cir.1978)). Moreover, "drug dealers convicted under [21 U.S.C.] § 841(a) need not know the type and quantity of drugs in their possession in order to be subject to sentencing enhancements contained in § 841(b)." *United States v. King*, 345 F.3d 149, 152 (2d Cir.2003) (*per curiam*). So long as type and quantity are proven to a jury beyond a reasonable

doubt, or are admitted by a defendant in the course of a plea colloquy, the defendant is subject to the enhanced penalties in 21 U.S.C. § 841(b). *United States v. Gonzalez*, 420 F.3d 111, 120, 128 (2d Cir.2005) (observing, as settled precedent, "that the only knowledge required to prove an aggravated drug charge was that established in § 841(a)").

[3] Sufficient evidence supports the jury's guilty verdict on Count Four, including the following: (1) Crouse arranged for the DEA confidential informant to come to Crouse's apartment on October 22, 2001 to purchase the drugs; (2) after the informant called to suggest that the transaction be made at the Carousel Mall instead, Crouse agreed and facilitated the transaction by suggesting that the informant contact Michael Wade and by agreeing to help "track [Wade] down" in order to consummate the transaction; and (3) Crouse received five pills as a commission for the transaction.

The judgment of the district court is hereby **AFFIRMED.**