UNITED STATES of America,
Appellee,

v.

Domingo GIL and Victor Nunez, also known as Buche, Defendants–Appellants.

Nos. 06–4979–cr(L), 06–5226–cr(con).

United States Court of Appeals, Second Circuit.

Oct. 29, 2008.

Eugene Ingoglia, Assistant United States Attorney (Michael J. Garcia, United States Attorney for the Southern District of New York, on the brief, Diane Gujarati, Assistant United States Attorney, of counsel), New York, N.Y., for Appellee.

Andrew A. Rubin, Mancuso, Rubin & Fufidio, White Plains, N.Y., for Appellant Domingo Gil.

Carlos A. Martir, Jr., Martir and Associates, New York, N.Y., for Appellant Victor Nunez.

Present: WILFRED FEINBERG, RALPH K. WINTER, and ROSEMARY S. POOLER, Circuit Judges.

**SUMMARY ORDER**

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED.**

Domingo Gil and Victor Nunez appeal their June 21, 2006 judgments of conviction, after a jury trial, for (1) conspiracy to violate the narcotics laws by distributing and possessing with the intent to distribute 100 grams or more of mixtures and substances containing a detectable amount of heroin, in violation of 21 U.S.C. § 846, and (2) distributing and possessing with the intent to distribute 100 grams or more of mixtures and substances containing a detectable amount of heroin, in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(B), and 18 U.S.C. § 2. The District Court sentenced each defendant principally to 78 months imprisonment. On appeal, Gil and Nunez challenge the sufficiency of the evidence and certain evidentiary rulings by the District Court. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"We review de novo a challenge to the sufficiency of the evidence and affirm if the evidence, when viewed in its totality and in the light most favorable to the government, would permit any rational jury to find the essential elements of the crime beyond a reasonable doubt." *United States v. Yannotti,* 541 F.3d 112, 120 (2d Cir.2008). It is well established that "the credibility of witnesses is the province of the jury and we simply cannot replace the jury's credibility determinations with our own." *United States v. James,* 239 F.3d 120, 124 (2d Cir.2000) (quotation marks omitted). Moreover, "a federal conviction may be supported by the uncorroborated testimony of even a single accomplice witness if that testimony is not incredible on

its face and is capable of establishing guilt beyond a reasonable doubt." *United States v. Florez*, 447 F.3d 145, 155 (2d Cir.2006) (quotation marks omitted).

At trial, the government presented evidence that, on the evening of April 13, 2005, Gil, Nunez, Alberto Valerio, and Isaac Campusano arrived at a parking lot in Yonkers in a green van. Valerio and Campusano emerged from the van with 420 grams of heroin, entered a red car parked in the lot, and attempted to sell the heroin to an undercover agent from the Drug Enforcement Agency (DEA) and a confidential informant. Gil, Nunez, Valerio, and Campusano were arrested at the scene.

Valerio entered into a cooperation agreement with the government and testified that after the green van arrived at the parking lot, Gil told Campusano to take the heroin to the buyers, and Nunez reached under the seat, pulled out a white plastic bag containing the heroin, and handed it to Campusano. Gil and Nunez now argue that the evidence at trial was insufficient to show that they knew that a heroin deal was happening in the red car or participated in the transaction. They argue that Valerio's testimony was unreliable due to his cooperation agreement, criminal history, and certain inconsistencies between his testimony and that of the confidential informant.

■ None of the purported inconsistencies pertain directly to Gil or Nunez or the crime for which they were arrested. Moreover, Gil and Nunez had the opportunity to present all of the facts that they argue undermine Valerio's credibility to the jury through cross-examination, and to point out any inconsistencies to the jury in summation. Valerio's testimony is not incredible on its face and is capable of establishing the guilt of Gil and Nunez beyond a reasonable doubt. Thus, we will not disturb the jury's credibility finding.

■ Second, although appellants do not dispute that approximately 420 grams of heroin were recovered from Campusano, they argue that the evidence was insufficient to prove they had knowledge of the quantity of heroin involved in the sale, and accordingly, they seek remand for resentencing. But "a defendant need not know the type or quantity of drugs when he is in direct possession of them as part of a conspiracy." *United States v. Castrillon*, 376 F.3d 46, 47 (2d Cir.2004) (per curiam). Viewing the evidence in the light most favorable to the government, Valerio's testimony established that appellants were directly in possession of the 420 grams of heroin in the green van.

Appellants also challenge two evidentiary rulings of the District Court. We review a district court's evidentiary rulings for abuse of discretion. *Yannotti*, 541 F.3d at 120.

■ First, appellants argue that the District Court erred in permitting the government to introduce evidence that approximately 179 grams of heroin and $12,000 in cash were found in a hidden compartment in the green van after their arrests. Evidence of uncharged conduct is admissible under Federal Rules of Evidence 404(b) and 403 if it is relevant to an issue at trial other than a defendant's character, and if its probative value is not substantially outweighed by the risk of unfair prejudice. *United States v. Williams*, 205 F.3d 23, 33 (2d Cir.2000).

Evidence of uncharged conduct may be relevant to an issue other than a defendant's credibility "if it arose out of the same transaction or series of transactions as the charged offense, if it is inextricably intertwined with the evidence regarding the charged offense, or if it is necessary to complete the story of the crime on trial." *United States v. Carboni*, 204 F.3d 39, 44 (2d Cir.2000) (citation and quotation marks

omitted). The items from the hidden compartment quite literally arose out of the drug transaction for which appellants were arrested; they were found in the vehicle that appellants used to conduct that drug transaction. The evidence also completes the story of the crime on trial.

■ With respect to probative value, appellants argue that the differing purity levels between the heroin found in the hidden compartment and the heroin recovered from Campusano demonstrate that the narcotics came from two different sources. However, the DEA's forensic chemist testified at trial that there were many similarities between the two sets of narcotics, such as packaging and chemical composition, and that the difference in purity levels did not compel the conclusion that the two came from different sources. Therefore, the District Court did not abuse its discretion in holding that the evidence had some probative value.

■ In any event, we are persuaded that the prejudicial effect of this evidence was minimal and any error that might have resulted from the District Court's ruling was harmless, because appellants were able to raise the points they now argue at trial, and the evidence did not imply conduct more serious than the charged crime. *See Williams,* 205 F.3d at 34.

Finally, appellants argue that the District Court erred in failing to admit a tape recording of Campusano's arraignment because, on that tape recording, the prosecutor contradicted positions taken by the government during Gil and Nunez's trial. Specifically, the prosecutor stated that (1) the government had evidence that Campusano threatened Valerio, contrary to Valerio's testimony that he had only been threatened by Gil and Nunez, and (2) Campusano was the supplier of the heroin, and the others who arrived with him at the scene were his "muscle or enforcement,"

contrary to the government's theory at trial that Gil and Nunez were the suppliers.

A party's own statement may be admissible under Federal Rule of Evidence 801(d)(2), but it must also be relevant and more probative than prejudicial. *See United States v. Woo,* 917 F.2d 96, 97–98 (2d Cir.1990) (while affidavit and grand jury testimony of case agent "may well have been" a prior inconsistent statement, it was within the district court's discretion to exclude the evidence on the ground that its probative value was outweighed by the danger of prejudice or confusion of the issues, where evidence at issue "did not concern the core of the evidence against [the defendant] . . .").

■ In ruling that the tape was inadmissible, the District Court determined that there was no inconsistency between the government's statements at the arraignment and its positions at trial. It was possible that Campusano, Gil, and Nunez had all threatened Valerio. It was also possible that Gil, Nunez, and Campusano were all part of the heroin's supply chain. The District Court also found that the issue of whether Campusano had threatened Valerio did not concern the core of the evidence against Gil and Nunez. To the extent the purported contradictions had any probative value, admission of the tape would have been cumulative because a DEA agent had testified to the statements that the prosecutor made at Campusano's arraignment. We do not find that the District Court abused its discretion in reaching these conclusions.

Accordingly, the judgment of the district court hereby is AFFIRMED.